## CIRCUIT COURT OF FAIRFAX COUNTY

Kerns

v.

Burke

December 20, 1988

Case No. (Law) 84477

By JUDGE JACK B. STEVENS

This matter is before the Court on the Plea in Bar of the County of Fairfax, Virginia ("the County"). For the reasons set forth below, the plea is sustained.

Plaintiff in this proceeding was injured in an automobile accident on June 13, 1986, while operating an automobile allegedly owned by the County. At the time of the accident, Plaintiff was an employee of the County, and at all times relevant herein, the County held a certificate of self-insurance pursuant to Va. Code § 46.1-395 (1950), as amended. The named Defendant in this proceeding was the operator of the motor vehicle which allegedly struck the vehicle operated by the Plaintiff.

The County was served with a copy of the Motion for Judgment "pursuant to the Uninsured Motorist Provision of Title 38.2, Section 2206, *et seq.*, of the 1950 Code of Virginia, as amended, by virtue of the fact that the County is the insurer of the automobile operated by [Plaintiff] on the date of occurrence alleged in the Motion for Judgment."

The County sets forth two arguments in support of their plea in bar. First, that Va. Code § 38.2-2206 does not impose requirements on a qualified self-insured entity,

such as the County, to provide for uninsured motorists. Second, that Va. Code § 46.1-395 provides that the self-insurance certificate shall provide protection against the uninsured motorist to the extent required by Va. Code Section 38.2-2206.

The first argument advanced by the County essentially states that it is not an insurer or an insurance company and has no direct or indirect obligation to the Plaintiff pursuant to Va. Code § 38.2-2206.

Virginia Code § 38.2-2206(A) provides in pertinent part:

> Except as provided in subsection J of this section, no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle principally garaged or used in this Commonwealth unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits not less than the requirements of § 46.1-1(8).

The operative language in this subsection is "policy or contract." There must be an existing "policy or contract" which contains the uninsured motorist provision for Section 38.2-2206(A) to apply. In *Yellow Cab Co. v. Adinolfi*, 204 Va. 815, 134 S.E.2d 308 (1964), the Court addressed the provisions which must be incorporated into a policy [or contract] under § 38.1-381 (the predecessor to Section 38.2-2206) when the Court stated that:

> The section is clear in its language affecting the question here involved. It relates to what provisions must be incorporated in a policy. It presupposes the existence of a policy. If there is no policy, these provisions do not apply. Subsection (a) begins with the words

"No policy or contract . . . and the words "policy or contract" are repeated at two other places in this subsection. The same words "policy or contract" are used in subsection (b). Subsection (c) refers to the application of "the policy."

204 Va. at 818, 134 S.E.2d at 310.

The language of the Court's holding on this issue is clear, the absence of a policy or contract precludes a claim against a self-insurer because they do not issue policies or contracts nor are they insurance companies. The Court concluded that "a self-insurer is not affected by the principal parts of § 38.1-381." *Id.* at 818, 134 S.E.2d at 310.

The Court in *Yellow Cab* also rejected a contention that the certificate of self-insurance (identical to the one issued to the County) should be considered a liability insurance policy issued by the self-insurer to itself. The Court stated that such reasoning was refuted by the reference in the uninsured motorist statute which excluded from the definition of "uninsured motor vehicle" a motor vehicle owned by a qualified self-insurer. *Id.* at 819, 134 S.E.2d at 310-311.

In this proceeding Plaintiff attempts to assert a claim under the uninsured motorist provision against the County. The holding in *Yellow Cab* precludes this action against a self-insured entity such as the County. *See also*, *Shelton v. American Re-insurance Co.*, 210 Va. 655, 173 S.E.2d 820 (1970).

The County's second argument requires the Court to determine the relationship of Va. Code §§ 38.2-2206 and 46.1-395 with Va. Code § 65.1-1 *et seq.*, the Virginia Worker's Compensation Act.

Virginia Code § 46.1-395 provides that the self-insurance certificate shall provide protection against the uninsured motorist to the extent required by Va. Code § 38.2-2206. Subsection J of 38.2-2206 states that "[p]olicies of insurance whose primary purpose is to provide qualified self-insurance may include uninsured motorist coverage as provided in subsection A of this section." It is clear that an uninsured motorist claim based solely on the language of these two sections will

not render the County as a self-insured entity liable to the Plaintiff under the uninsured motorist provisions.

The final determination to be made is the relationship between the uninsured motorist provisions and the Worker's Compensation Act. The Virginia Supreme Court addressed this relationship under former Code § 38.1-381 in *Smith v. Horn*, 232 Va. 302, 351 S.E.2d 14 (1986), where the Court stated:

> We believe that, had the General Assembly intended to exclude motor vehicle accidents from the coverage of the Worker's Compensation Act, it would have done so directly in the Act itself rather than indirectly through a provision in the insurance title of the Code. Moreover, former Code § 38.1-43.1 (1981), repealed and reenacted in substantially the same form as Section 38.2-900 (1986) (Acts 1986, c. 562), provided that the provisions of the insurance title "shall not amend or repeal" any provisions of the Worker's Compensation Act.

232 Va. at 398, 351 S.E.2d at 18.

The Court's statement is consistent with the legislative intent that the Worker's Compensation Act shall provide the exclusive remedy for injuries caused by accidents arising out of and in the course of employment.

The Court reiterated this point in *Aetna Casualty and Surety Co. v. Dodson*, 235 Va. 346, 367 S.E.2d 505 (1988), where it concluded that:

> In Virginia, the Worker's Compensation Act affords the exclusive remedy for personal injury or accidental death sustained within its purview, against a covered employer or against fellow employees whose causative acts arise out of and in the course of employment by a covered employer.

235 Va. at 350, 367 S.E.2d at 507. The Plaintiff having elected to apply for and receive benefits under the Worker's Compensation Act is precluded from recovering against the County under the uninsured motorist provisions.