## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Progressive Casualty Ins. Co.

v.

Donna G. LaCoss et al.

March 25, 1994

Case No. L-93–469

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case involves a question of coverage under an uninsured motorist provision in a motor vehicle liability insurance policy.

The facts are undisputed. On the evening of March 21, 1992, LaCoss was operating her vehicle in a westerly direction on Route 3 in Spotsylvania County. Gary L. Fletcher, under the influence of alcohol, was lying across the westbound lanes of the highway. When LaCoss swerved to avoid Fletcher, she collided with another vehicle and was injured.

LaCoss sued Fletcher in this court (L92–651) and served Progressive as her uninsured motorist carrier, as provided by statute. (That action is stayed by Fletcher's bankruptcy proceedings.) Progressive then filed this suit for a declaratory judgment regarding its liability to LaCoss as her uninsured motorist carrier. Arguments were heard on March 21, 1994, with all of the material facts stipulated.

The policy of insurance issued by Progressive to LaCoss offers protection against uninsured motorists. Part IV of the policy provides that Progressive will pay all sums that LaCoss is entitled to recover as damages "from the owner or operator of an uninsured automobile because of bodily injury . . . caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile . . . ."

Progressive concedes that its coverage under the provision cited above must be at least as extensive as the coverage required by Virginia Code § 38.2–2206. That statute provides, in pertinent part:

> [N]o policy or contract of bodily injury or property damage liability insurance . . . shall be issued . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within limits not less than the requirements of § 46.2–100.

LaCoss argues that the uninsured motorist statute must be liberally construed to afford relief to the injured. In recent decisions, she points out, the Virginia Supreme Court "has removed every obstacle to recovery urged by any carrier," "operator," and "maintenance," so that recovery is available when the tortfeasor is a "person away from a vehicle whose behavior is causally connected to the offending injury, so long as that behavior in some manner relates to the operation of a motor vehicle." LaCoss' analysis of the facts of this case is as follows. Fletcher's body impeded traffic on Route 3; except for the fact that Fletcher obstructed traffic negligently and with a reckless disregard for human life, LaCoss' vehicle and the other vehicle she struck would not have had to alter their movements; hence, Fletcher's conduct operated, by use of a motor vehicle, to injure LaCoss.

Progressive disagrees. It argues that Fletcher was only a pedestrian, as the parties have stipulated, and because "he had no nexus to any vehicle," he could not have been an "operator of an uninsured motor vehicle" as contemplated by the insurance policy and § 38.2–2206.

LaCoss cites a number of cases in support of her argument that the statutory language must be broadly interpreted. However, none of those cases involves a tortfeasor that had no connection to the operation, maintenance, or use of a motor vehicle at the time of the accident. In *Colonial Insurance v. Rainey*, 237 Va. 270 (1989), the driver of an uninsured automobile had a tire blow-out. He alighted from the vehicle, got a spare tire from the trunk, and walked away from the vehicle carrying the spare to find a service station so that the spare tire could be inflated. As he climbed an embankment, he slipped and dropped the tire. The tire rolled onto the highway and struck Rainey's vehicle, injuring him. The Court held that Rainey's uninsured motorist coverage applied, finding that the uninsured motorist was "operating, maintaining or using" his vehicle at the time of the incident. The Court said that when an "operator" is not inside the vehicle in control of it, he can still be "maintaining" or "using" it, but in such case, there must

be a direct, causal connection between the "operator," the accidental injury, and the maintenance or use of the vehicle.

Here, there is no "direct, causal connection" between the "operator," the "accidental injury," and "the maintenance or use of the vehicle" because there was no vehicle for Fletcher to operate, maintain, or use. According to the stipulated facts, he was a pedestrian. He was lying in the middle of the westbound lanes in an intoxicated condition. The only vehicles involved in the accident were the one operated by La-Coss and the one she struck when she swerved to avoid Fletcher. Fletcher's only "connection" to those vehicles, or any vehicle, was that his misconduct caused them to collide. He was not an uninsured motorist and, consequently, the uninsured motorist coverage in LaCoss' insurance policy does not apply under these circumstances.