## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Nationwide Mutual Ins. Co.

v.

Eric R. Futrell, etc.

October 24, 2001

Case No. CL99-243

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case involves a question of coverage under the uninsured motorist provision of a motor vehicle liability insurance policy.

Eric R. Futrell is an officer with the Virginia State Police. He was on routine patrol on the evening of February 3, 1997, when he received a call for assistance from a fellow officer, Robert P. Alessi.

Officer Alessi had stopped a motorist, Scott D. Carter, southbound on I-95 near the Thornburg interchange. When Officer Alessi attempted to arrest Mr. Carter for driving while intoxicated, he resisted. Officer Alessi was joined by Officer Robert Barham. Mr. Carter struggled with both officers and ran out into the southbound lanes of I-95. Over the next several minutes, Mr. Carter fought with the officers, fled, returned to fight some more, resisted the officers' efforts to keep him out of the travel lanes of I-95, and eventually ran into a wooded area on the opposite side of the highway. Other law enforcement officers had arrived to help search for Mr. Carter.

Not quite finished, Mr. Carter again returned to the scene, crossed the highway, and was running north in the southbound lanes of I-95 when Officer Futrell, who had answered Officer Alessi's call, spotted him.

Officer Futrell had parked his vehicle on the I-95 southbound on-ramp. When he saw Mr. Carter running down the highway, he went toward him to apprehend him. Mr. Carter ran from him. Just as Officer Futrell caught Mr. Carter, a southbound tractor-trailer truck struck both of them. Officer Futrell was seriously injured.

During this entire bizarre episode, Mr. Carter's vehicle was parked on the right shoulder of southbound I-95. Its lights and engine were off. The key was in the ignition. Officer Alessi testified that at certain points during the incident, he was concerned that Mr. Carter might head back toward his vehicle and drive away.

Officer Futrell instituted an action against Mr. Carter in this court. The motion for judgment alleges facts in support of two theories of recovery: negligence and assault and battery. Mr. Carter is uninsured. Officer Futrell gave proper notice to Nationwide Mutual Insurance Company, the insurer of his personal vehicle, under the uninsured motorist provision of that policy.

Nationwide filed this declaratory judgment action, contending that Officer Futrell's uninsured motorist coverage does not apply in these circumstances. This case was tried without a jury on October 17, 2001. The court took the matter under advisement.

This case is controlled by the principles explicated in *Lexie v. State Farm*, 251 Va. 390, 469 S.E.2d 61 (1996), and *Travelers Ins. Co. v. LaClair*, 250 Va. 368, 463 S.E.2d 461 (1995).

*Lexie* was killed in an unprovoked "drive-by" shooting. At the time, Lexie was a passenger in a vehicle operated by her husband. The executor of her estate sought to recover under the uninsured motorist provision of her policy.

The Supreme Court held that the uninsured motorist statute, Virginia Code § 38.2-2206, requires a causal relationship between the incident giving rise to the injury and the use of the automobile as a vehicle. "There is no coverage if the injury results from something wholly dissociated from, independent of, and remote from the vehicle's normal employment," the Court said. The Court then held an intentional shooting by a person occupying a motor vehicle did not constitute "use" of the vehicle for purposes of uninsured motorist coverage.

Similarly, LaClair was a deputy sheriff who was shot by a motorist whom he had stopped to assist. LaClair sought to recover from his uninsured motorist carrier. The Supreme Court held that the shooter was not "using" his vehicle within the meaning of the policy provision at the time of the shooting. "Manifestly," the Court said, "the natural and ordinary meaning of 'use' of a private passenger motor vehicle does not contemplate its utilization as ... an outpost from which an assailant may inflict intentional injury with a firearm."

Here, Mr. Carter's connection to or association with his automobile at the time of Officer Futrell's injury is at least as remote and causally unrelated as the situations described in *Lexie* and *LaClair*. In fact, Mr. Carter was not occupying his car, was not around his car, and was in no sense "using" his car. He was running up and down I-95, confronting the officers, fleeing,

returning, and endangering himself by occupying travel lanes of the highway. In sum, he simply was not a motorist.

The only vehicle associated with Officer Futrell's injuries was the tractor-trailer truck that struck him. For purposes of uninsured motorist coverage, that vehicle is not the focus of the injury.

This court decided a case on similar principles in *Progressive Casualty Ins. Co. v. LaCoss*, 32 Va. Cir. 439 (1994). There, LaCoss was operating her automobile on Route 3. Gary L. Fletcher, intoxicated, was lying across the travel lanes of the road. LaCoss swerved to avoid Fletcher and collided with another vehicle. LaCoss sued Fletcher and sought recovery from Progressive, her uninsured motorist carrier.

In a declaratory judgment action, Progressive argued that its UM coverage did not extend to the circumstances of LaCoss's injury. This court agreed. The court found no connection between the tortfeasor's (Fletcher's) misconduct and the use of the vehicle, a prerequisite to uninsured motorist coverage. Fletcher was not using a vehicle. He was a pedestrian lying in the roadway. Therefore, the court held that the uninsured motorist coverage in LaCoss's policy did not apply.

Here, Mr. Carter was not a motorist. He was not using a vehicle. He was a pedestrian, resisting arrest and running up and down I-95.

For these reasons, the uninsured motorist coverage in Officer Futrell's private insurance policy with Nationwide does not apply under these circumstances.