## Richmond

KATHERINE M. SCHULZE AND HOMER N. SCHULZE v. KWIK-CHEK
REALTY COMPANY, INC., A NEVADA CORPORATION.

June 14, 1971.

Record No. 7433.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Harry P. Anderson, Jr.* (*Anderson, Haw, Parkerson & Beazley*,
on brief), for appellants.

*Robert N. Pollard, Jr.* (*John O. Peters; Williams, Mullen & Christian*, on brief), for appellee.

HARMAN, J., delivered the opinion of the court.

Katherine M. Schulze and Homer N. Schulze (the Schulzes or
sellers) are appealing from a decree that awarded Kwik-Chek Realty
Company, Inc. (Kwik-Chek or purchaser) specific performance of
a contract for the sale of a parcel of land located at 4900 Nine Mile
Road in Henrico County, Virginia.

Kwik-Chek provided and prepared a "Texas form" contract containing mostly standard provisions. One paragraph of the contract
stated that time was of the essence and another specified settlement
on or before February 1, 1968. Certain contingency provisions in
the contract relating to title defects became operable and postponed
the settlement date under the contract until March 15, 1968. Kwik-

Chek concedes it did not perform or demand performance on March 15, so the crucial question here, as in the trial court, is whether the Schulzes waived the contract provision making time of the essence.

The trial court held that a waiver of the March 15 settlement date had occurred. Its holding was based on the following findings of fact:

(1) sellers, knowing that the purchaser was treating the contract as still subsisting and that it intended to conclude the purchase, failed to notify the purchaser of their intention not to conclude the transaction until they were called on by the purchaser to close the transaction in late July (almost 4-½ months after March 15).

(2) sellers or their agent were kept informed at frequent intervals (usually every ten days or two weeks) of activity of the purchaser toward obtaining a building permit to erect a store building on the premises;

(3) sellers knew of a visit to the property in early May, 1968, by representatives of Kwik-Chek and the Henrico County Health Department and that the purpose of such visit was to fix the locations for a septic tank and well;

(4) sellers never demanded the $1,000 escrow deposit to which they were entitled upon default by purchaser under the contract; and

(5) sellers never tendered a deed to purchaser and requested performance.

Thus it would appear that the trial court found that a waiver arose because of the silence or inaction of the Schulzes.

It is well established that the party relying on a waiver has the burden of proving the essentials of such waiver by clear, precise and unequivocal evidence. The evidence must not leave the matter to mere inference or conjecture but must be certain in every particular. *Utica Mut. Ins. Co.* v. *National Indem. Co.*, 210 Va. 769, 773, 173 S.E.2d 855, 858 (1970).

While silence, where there is a duty to speak, may result in a waiver of one's rights or an estoppel to assert them, *Va. Auto. Mut. Ins. Co.* v. *Brillhart*, 187 Va. 336, 349, 46 S.E.2d 377, 384 (1948), mere silence or inaction, in the absence of a duty to speak or act, does not operate to create a waiver or estoppel. *Cantrell* v. *Booher, Admx.*, 201 Va. 649, 654, 112 S.E.2d 883, 886 (1960), *Hayes* v. *Durham Life Ins. Co.*, 198 Va. 670, 674-75, 96 S.E.2d 109, 112 (1957).

Under the facts of this case we hold that the silence and inaction of the Schulzes, after March 15 and until demand for performance was made upon them more than four months later, did not constitute a waiver as we find no duty on their part to speak or act.

For these reasons the decree of specific performance will be reversed and the suit will be dismissed.

*Decree reversed and dismissed.*