## Richmond

FLOYD B. MAXEY v. JOHN DOE AND GOVERNMENT EMPLOYEES INSURANCE COMPANY.

June 11, 1976.

Record No. 750825.

Present, All the Justices.

*Joseph B. Benedetti (Charles A. Hartz, Jr.; Minor, Saunders & Benedetti*, on brief), for plaintiff in error.

*Rufus G. Coldwell, Jr. (Richard K. Bennett; Browder, Russell, Little, Morris & Butcher*, on brief), for defendants in error.

I'ANSON, C.J., delivered the opinion of the court.

This declaratory judgment proceeding was instituted by plaintiff, Floyd B. Maxey, to determine whether the uninsured motorist endorsement of a family combination automobile policy issued by defendant, Government Employees Insurance Company (GEICO), affords him coverage for injuries sustained as a result of the negligence of an unknown motorist.

Based upon stipulated facts, the trial court held that plaintiff was not entitled to coverage under the policy because he failed to comply with Code § 38.1-381(d),[1] as construed in *Nationwide Mutual Ins. Co. v. Clark*, 213 Va. 666, 670, 194 S.E.2d 699, 702 (1973), and because the evidence failed to establish that GEICO waived this failure or was estopped to rely on it as a defense. We granted a writ of error to the judgment, limited to the questions of statutory waiver and of estoppel.

The facts show that on March 20, 1973, while plaintiff was leading a horse along the shoulder of Route 250 in Goochland County, an unknown motorist blew the horn of his automobile in close proximity to plaintiff, causing the horse to rear, lose its balance, and fall on plaintiff. Plaintiff suffered severe injuries, which necessitated hospitalization for seven days and confinement to his home for a period of twelve weeks.

The accident was reported to the Goochland County Sheriff's Department within thirty minutes after it occurred, and was investigated by a deputy. On April 17, 1973, twenty-eight days after the accident, plaintiff's wife telephoned GEICO to report the accident. Two days later, she received a call from a claims adjuster denying coverage, since the accident was non-collision in nature and her husband had not been the occupant of a motor vehicle. On April 23, 1973, plaintiff's wife wrote GEICO making a claim under the uninsured motorist provisions of the policy.

---

1. This section mandates that the insured or someone on his behalf make a written report of an accident with an unknown motorist to the Division of Motor Vehicles within five days or as soon as practicable under the circumstances.

The statute was amended by Acts 1974, c. 87, 204 at 206, but the amendment is not applicable here.

On May 4, 1973, a claims adjuster for GEICO interviewed plaintiff at his home and took his statement regarding the accident. During the interview, it was disclosed that plaintiff had not filed an SR-300 accident report with the Division of Motor Vehicles. The adjuster neither then nor subsequently told plaintiff that he was required to file such a report. During the next several weeks, the adjuster spoke with plaintiff about the claim, collected copies of plaintiff's hospital and medical bills, and secured information about his lost wages.

By letter dated August 6, 1973, GEICO informed plaintiff that it was denying liability because he had failed to file an SR-300 accident report. Plaintiff subsequently filed the report in September or October 1973.

Plaintiff contends that GEICO waived the requirement that he file an SR-300 report, since it failed to notify him of its intention to deny coverage on that ground within the time period prescribed by Code § 38.1-389.1. That statute provides, in part:

> "Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured and such insurer intends to rely on such breach . . . such insurer shall notify the claimant or the claimant's counsel of record of its intention to rely on such defense within twenty days after discovery . . . of the breach or of the claim, whichever is later. . . . Failure to serve such notice within such time will result in a waiver of such defense to the extent of such claim by operation of law."

Plaintiff asserts that the statutory waiver applies, since GEICO's agent learned on May 4, 1973, that no SR-300 report had been filed and the company did not notify him until August 6, 1973, that it intended to rely on this omission.

While we agree that the filing of an accident report by the insured in compliance with Code § 38.1-381(d) is a condition precedent which may be waived by the insurer (*Nationwide Mutual Ins. Co. v. Clark, supra*), we do not agree that Code § 38.1-389.1 applies to the provisions of the uninsured motorist statute or policy endorsement. The statute expressly applies only to an "insurer on a policy of *liability insurance*." Although plaintiff correctly notes that uninsured motorist coverage must be included in an automobile liability policy,[2] this requirement does not operate to make such coverage *liability insurance*. Indeed, we have frequently held that uninsured

2. Code § 38.1-381(b).

motorist coverage is meant only to *indemnify* the insured rather than to provide liability coverage for an uninsured motorist. *Midwest Mutual Ins. Co.* v. *Aetna Cas. & Sur. Co.,* 216 Va. 926, 931, 223 S.E.2d 901, 905 (1976); *General Accident* v. *Aetna*, 208 Va. 467, 473-74, 158 S.E.2d 750, 754 (1968). Moreover, if there has been a breach of an insurance contract, Code § 38.1-389.1 specifically requires notice only to a *claimant* or his counsel. Thus, waiver occurs only where the rights of a claimant who is a stranger to the insurance contract may be prejudiced. Hence, we hold that Code § 38.1-389.1 does not operate as a waiver of GEICO's right to rely upon plaintiff's failure to file the SR-300 accident report.

Plaintiff argues that since GEICO originally denied coverage on the basis that the accident was non-collision, it is estopped from relying on the inconsistent position that the SR-300 report was not timely filed.

Under the doctrine of "estoppel by inconsistent positions," a party is estopped to assert an inconsistent position to the prejudice of another who has been led to rely on his initial position. However, this doctrine does not arise unless the party estopped has knowledge of the options open to him and with such knowledge has elected to assume a position. *Employers Ins. Co.* v. *Great American*, 214 Va. 410, 413, 200 S.E.2d 560, 563 (1973). See *Thrasher* v. *Thrasher*, 210 Va. 624, 172 S.E.2d 771 (1970).

When a party relies on the doctrine of estoppel he must prove his claim by "clear, precise and unequivocal evidence." *John Hancock Mutual* v. *Va. Nat. Bank*, 212 Va. 31, 33, 181 S.E.2d 618, 620 (1971).

Here, GEICO's agent told plaintiff's wife that there was no coverage under the policy because of the nature of the accident. At that time, plaintiff had not claimed coverage under the uninsured motorist endorsement, and GEICO neither knew that such a claim would be made nor was aware that the SR-300 report had not been filed. Subsequently, plaintiff's wife submitted a claim under the uninsured motorist endorsement, and GEICO's agent then took plaintiff's statement. It was not until this interview that GEICO learned that the required SR-300 report had not been filed. Thus, the doctrine of "estoppel by inconsistent positions" is inapplicable because GEICO had no knowledge of the options open to it when it initially relied on the nature of the accident to deny coverage.

Furthermore, after the uninsured motorist claim was asserted, insurer and insured assumed an adversary relationship. In such a posture, the insurer was under no duty to inform the insured that,

should their dealings and negotiations fail to resolve the claim, it would rely on insured's failure to file the SR-300 report as required by statute. *See Roeñke v. Va. Farm Bureau Ins. Co.*, 209 Va. 128, 135, 161 S.E.2d 704, 708 (1968); *State Farm Mutual v. Duncan*, 203 Va. 440, 446, 125 S.E.2d 154, 159 (1962). Silence or inaction in the absence of a duty to speak does not create a waiver or estoppel. *Schulze v. Kwik-Chek Realty*, 212 Va. 111, 112, 181 S.E.2d 629, 630 (1971).

Hence, we hold that plaintiff failed to establish by clear, precise, and unequivocal evidence that GEICO is estopped to rely on the statutory mandate that an SR-300 accident report be filed as a condition precedent to coverage under the policy.

For the reasons stated, the judgment is

*Affirmed.*