STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

V.

JOHN F. KELLY

Record No. 871340

June 9, 1989

Present: All the Justices

George H. Gray (*Outland, Gray, O'Keefe and Hubbard*, on brief), for appellant.

John R. Lomax (*Fine, Fine, Legum & Fine, P.A.*, on brief), for appellee.

Justice Lacy delivered the opinion of the Court.

The issue in this appeal is whether, after an insured has obtained a judgment for the limit of uninsured motorist coverage, the insurer may reduce the payment to its insured by an amount paid prior to judgment for medical services rendered by the federal government.

In 1981, John F. Kelly was injured when an uninsured motorist struck the car in which he was a passenger. In 1983 Kelly filed suit against the uninsured motorist. In accordance with Code § 38.2-2206(F), Kelly served process on State Farm Mutual Automobile Insurance Company (State Farm), which provided uninsured motorist coverage on the vehicle in which he was riding. State Farm filed responsive pleadings on its own behalf.

In response to discovery requests, Kelly informed State Farm that the cost of his medical treatment, provided by the government, was $4,278.[1] On January 30, 1986, four days before trial, State Farm paid this amount to the government without notifying Kelly.

At trial on February 3, 1986, the uninsured motorist was in default and State Farm admitted its liability under the policy. The parties then agreed that the amount of damages was the only issue for the jury to decide.

---

[1] As a member of the United States Navy, Kelly was not liable to the government for the cost of medical treatment received at a military hospital. The Medical Care Recovery Act, 42 U.S.C. § 2651, *et seq.*, however, entitles the government to recover these expenses if they were incurred as a result of the tortious conduct of a third party.

As evidence of his damages, Kelly attempted to introduce the amount of the medical services provided by the military hospital. State Farm objected, maintaining that the jury should not consider the expenses as State Farm already had paid the government and Kelly was not liable for the expenses in any event. The trial court sustained this objection. The jury, without considering the $4,278 for medical expenses, returned a $50,000 verdict in favor of Kelly. Judgment on the verdict was entered on February 18, 1986, and no appeal was taken. Thereafter, although the policy limit was $20,000, State Farm paid Kelly only $15,722.

On October 8, 1986, based on the prior verdict, Kelly filed the present action against State Farm demanding payment of $4,278, the amount unpaid under the policy limit. The trial court granted Kelly's motion for summary judgment and State Farm filed this appeal.[2]

On appeal, State Farm maintains that the Medical Care Recovery Act, 42 U.S.C. § 2651 *et seq.*, qualified the government as an "insured" under the terms of the policy. As such, State Farm asserts it was liable to the government for the amount of Kelly's medical treatment. *Government Employees Insurance Co.* v. *United States*, 376 F.2d 836 (4th Cir. 1967). State Farm argues that this liability justified its reduction of Kelly's payment by the amount of its prior payment to the government.

Kelly responds that at the time State Farm paid the government $4,278, it had no obligation to do so and, therefore, was at best a volunteer. Accordingly, Kelly contends that State Farm's payment to the government provided no legal basis for State Farm to pay Kelly less than the policy limit.

---

[2] State Farm asserts that Kelly's failure to appeal the trial judge's exclusion of the amount of medical expenses in the prior case acts as a bar to this suit on the theories of collateral estoppel and res judicata. The trial court correctly overruled these pleas.

With regard to collateral estoppel, Kelly is not attempting to introduce evidence of the government's claim as a basis for his recovery in this suit. He seeks $4,728 from State Farm as an amount owing him pursuant to the jury verdict. The issues in the two actions are different and, therefore, collateral estoppel is inapplicable. *Greene* v. *Warrenton Credit Assoc.*, 223 Va. 462, 466, 291 S.E.2d 209, 212 (1982).

Kelly's prior suit was a tort action against the uninsured motorist for personal injuries. This suit is an action to collect an unpaid judgment. Identity of the causes of action does not exist and, therefore, res judicata is not applicable. *Wright* v. *Castles*, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986).

■ As the uninsured motorist insurer and under the terms of the policy, State Farm is not liable to an insured unless and until the "insured is legally entitled to collect" from the uninsured motorist.[3] We previously have held that "[j]udgment is the event which determines legal entitlement to recovery." *Midwest Mutual Insurance Co.* v. *Aetna Casualty and Surety Co.*, 216 Va. 926, 929, 223 S.E.2d 901, 904 (1976). Accordingly, State Farm's liability to Kelly was not established until February 18, 1986, when Kelly obtained the $50,000 judgment from the uninsured motorist. Moreover, State Farm's liability to Kelly under the policy was limited only by the policy limit.

■ State Farm's liability to the government, whether based on the Medical Care Recovery Act[4] as contended by Kelly, or as an "insured" under the uninsured motorist coverage as State Farm asserts, could not arise prior to the time Kelly's right to recover was created — when the tort liability of the uninsured motorist was legally established. No tort liability had been established on January 30, 1986, when State Farm paid the government. That payment, made prior to State Farm having any liability to either Kelly or the government, provided no legal justification for State Farm to pay Kelly less than the full policy limit as required by the judgment entered against the uninsured motorist on February 18, 1986.

For the reasons stated above, we find no error in the judgment of the trial court and will, therefore, affirm.

*Affirmed.*

---

[3] The policy provides: "We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*."

[4] "[U]nder circumstances creating a tort liability upon some third person . . . to pay damages therefore . . . ." 42 U.S.C. § 2651(a).