## CIRCUIT COURT OF LOUISA COUNTY

Merial B. Copenhaver

v.

Wesley Jason Davis

June 24, 1993

Case No. (Law) 2819

BY JUDGE F. WARD HARKRADER, JR.

I wish to thank counsel for their memoranda in the above-captioned case. Addressing first the motion of GEICO for summary judgment based on the plaintiff's failure to meet the conditions of the insurance contract and § 38.2–2206, the arguments of GEICO are closely related to its position in support of its motion to dismiss. As the Court stated in ruling on the motion to dismiss, we believe that the statute was intended to provide and does provide a remedy for pre-trial bad faith behavior by insurance companies. Now GEICO, for purposes of argument, conceding § 8.01–66.1(D) may create a remedy for pre-trial bad faith behavior, contends that it does not create a corresponding duty to act in good faith. As the plaintiff argues, this interpretation would render § 8.01–66.1(D) meaningless. In most instances, post-judgment relief would constitute no relief at all in addressing the problems perceived by the General Assembly.

It is the accepted rule of statutory construction that remedial statutes are to be construed liberally to suppress the mischief and advance the remedy in accordance with the legislature's intended purpose as set out in the *Board of Supervisors v. King Land Corporation*, 238 Va. 97 (1989).

As previously indicated, we think that the statute was intended to create both a duty and a remedy. The duty is in fact what most policyholders believe they have, and that is a company with a duty to act

in good faith in handling an insured's claim. This duty permits frugality but prohibits bad faith performance or fraud. The Court relies on and adopts the supportive arguments of the plaintiff as they relate to this holding.

Next we address the question whether or not the conduct of GEICO in this case constitutes a bad faith breach of duty. The standard is clear and convincing evidence. In evaluating the evidence, we do not believe that the plaintiff has established that GEICO'S investigation of the claim was so unreasonable as to constitute bad faith, or that its evaluation of the claim was dishonest or so unintelligent as to constitute bad faith, nor that its refusal to accept the plaintiff's demand under the circumstances constituted bad faith. Neither simple negligence nor bad judgment is, in our view, sufficient to establish bad faith.

Although its course of conduct in this case may have been in its own interest, we think that the evidence fails to establish that the course of conduct was determined primarily by the interest of GEICO with intentional disregard of the interest of the insured.

In consideration of the foregoing, the Court denies the motion for sanctions.