412

# CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara Hicks Mills

v.

Virginia Mutual
Insurance Co.

May 23, 2006

Case No. CL06-785

BY JUDGE T. J. MARKOW

This case is before the court on Demurrer. Plaintiff, Barbara Mills, filed a breach of contract and bad faith claim against Defendant, Virginia Mutual, based upon Virginia Mutual's failure to pay the limits of her uninsured motorist coverage prior to judgment against the uninsured motorist. Virginia Mutual demurs on the basis that, under the uninsured motorist statute, it owed no duty to Ms. Mills until after she had obtained a judgment against the uninsured motorist and, therefore, Ms. Mills fails to allege a breach of contract or bad faith claim.

Ms. Mills was involved in an automobile accident with an uninsured motorist on August 4, 2004, and incurred $83,644.53 in medical expenses. Ms. Mills demanded Virginia Mutual tender its $50,000 coverage limit under her uninsured motorist policy. On January 12, 2005, she filed suit against the uninsured motorist. Virginia Mutual offered $25,000 to settle the case, which Ms. Mills rejected demanding the full policy limit. The matter was tried on January 9, 2006. After the close of the evidence, but prior to the case being submitted to the jury, Virginia Mutual tendered it limits of $50,000. Ms. Mills elected to allow the jury to decide the case, and the jury awarded her $300,000 plus prejudgment interest.

The relevant portion of the Virginia uninsured motorist statute states:

> [N]o policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued . . . unless it contains an endorsement or provision undertaking to pay the insured all sums that he is *legally entitled to recover* as damages from the owner or operator of an uninsured motor vehicle.

Va. Code § 38.2-2206(A) (emphasis added).

In *Midwest Mutual Ins. Co. v. Aetna Casualty*, 216 Va. 926, 929, 223 S.E.2d 901, 904 (1976), the court held that, under the uninsured motorist statute, "the obligation of the uninsured motorist insurer arises *only* if it is determined that the insured is 'legally entitled to recover' damages from the owner or operator of an uninsured motor vehicle" and that "[j]udgment is the event which determines legal entitlement to recover." Furthermore the court noted:

> [W]e should not lose sight of the basic difference between statutory uninsured motorist coverage in Virginia and the protection afforded by the "pure" indemnification provisions of a liability policy. Under the statutory uninsured motorist coverage, the carrier undertaking to protect its injured insured from damages caused by an uninsured tortfeasor owes no duty to that tortfeasor; *the carrier is only obligated to pay a judgment within its coverage limits when one is obtained against the tortfeasor.* . . . But under the usual liability provision, the insurer must defend the tortfeasor, its insured, against imposition of legal liability to the injured claimant, and this includes the duty to exercise good faith to settle within the policy limits any meritorious claim against the insured.

*Midwest*, 216 Va. at 930, 223 S.E. at 905 (emphasis added).

Relying on the holding in *Midwest*, the court finds that Virginia Mutual had no duty to pay Ms. Mills any sums until after she acquired judgment against the uninsured motorist.

The court does not agree with Plaintiff's argument that the amended language of the bad faith statute was intended to overrule the holding in *Midwest*. The holding in *Midwest* is still good law.

414

Accordingly, Ms. Mills has failed to state a cause of action for breach of contract or bad faith. It is hereby ordered that the Demurrer is sustained and the case dismissed. Copies of this order are mailed this day to counsel of record.