**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1063**

———————

HOANG DO,

                    Plaintiff - Appellant,

          v.

LIBERTY INSURANCE CORPORATION,

                    Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:12-cv-00619-RBS)

———————

Submitted: June 7, 2013              Decided: July 2, 2013

———————

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

C. Broughton Shedlick, C. BROUGHTON SHEDLICK, PLLC, Falls Church, Virginia, for Appellant. E. Ford Stephens, CHRISTIAN & BARTON, LLP, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises out of an automobile accident between Hoang Do and Gerson Arias. Because Arias allegedly was both at fault and underinsured, Do submitted a uninsured motorist claim to his automotive insurance provider, Liberty Insurance Company. Liberty did not respond to Do's case for months, and ultimately rejected the claim. In the interim, Do had settled and signed a release of rights with Arias and his insurer, and the statute of limitations lapsed for any tort claims related to the accident.

Do then brought this action against Liberty claiming that in its delay in acting on, and ultimate rejecting, his uninsured motorist claim, Liberty "acted in its own best interests and against the interests of its insured, i.e.[,] in bad faith." JA 10.

The district court dismissed Do's complaint for failure to state a claim. The court held that Do failed to state a claim for recovery from Liberty under the uninsured motorist provision because Do had not secured a judgment against Arias. The district court also held that Do failed to state a bad faith claim against Liberty because Liberty was Do's adversary in the uninsured motorist claim, and thus had no duty to act in good faith toward Do with regard to the claim. Do only appeals the second holding.

Under Virginia law, once an insured files an uninsured motorist claim with its insurer, the "insurer and insured assume[] an adversary relationship." Maxey v. Doe, 225 S.E.2d 359, 362 (Va. 1976). Pursuant to this relationship, the insurer is "under no obligation to furnish [its insured] with information." Truman v. Spivey, 302 S.E.2d 517, 520 (Va. 1983).

In this regard, under the facts alleged in Do's complaint, Liberty had no duty to inform Do that uninsured motorist coverage required the existence of a judgment against the underinsured motorist. Va. Code Ann. § 38.2-2206(a); see also State Farm Mut. Auto. Ins. Co. v. Kelly, 380 S.E.2d 654, 656 (Va. 1989); Midwest Mut. Ins. Co. v. Aetna Cas. & Sur. Co., 223 S.E.2d 901, 904 (Va. 1976). Nor did Liberty have a duty to inform Do that, if he settled and signed a release of rights with Arias and his insurer, it would rely on the settlement to deny uninsured motorist coverage. See Maxey, 225 S.E.2d at 362.

Because Liberty had no duty to act in good faith toward Do with regard to his uninsured motorist claim, the district court did not err in holding that Do's complaint failed to state a plausible claim for a bad faith action against Liberty. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3