# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Terri I. Conner

v.

Joseph Tyler Glasgow

November 5, 2015

Case No. CL13-754

BY JUDGE SARA L. DENEKE

This matter has come before the Court on post-trial motions filed by the plaintiff against her under-insured motorist (UIM) insurance carrier Liberty Mutual.

## Background

The basic facts show that Ms. Conner was injured in a motor vehicle accident in 2011. The defendant's insurance carried a liability policy of $25,000, and Ms. Conner's insurer Liberty Mutual had available under-insured funds (UIM) of approximately $23,000. Ms. Conner presented special damages of approximately $17,000 with contested damages involving a syndrome known as TMJ for additional amounts.

Prior to trial, the liability insurer offered their policy limits. Liberty Mutual's highest offer, several days before trial, was $5,000. At trial, the jury returned a verdict in favor the plaintiff in the amount of $200,000. Both the liability insurer and Liberty Mutual then promptly paid the policy limits.

Plaintiff filed a post-trial motion seeking damages, costs, and attorney's fees from Liberty Mutual, alleging bad faith in the settlement negotiations.

Liberty Mutual has filed an opposition to the post-trial motion and a motion to quash a subpoena *duces tecum* request for their entire file.

The plaintiff asserts the authority to file a bad faith claim against the underinsured carrier as a post-trial motion is found in § 8.01-66.1(D)(1) and a number of circuit court rulings cited in her brief and during argument.

Liberty Mutual asks the Court to dismiss the motion under the authority of *Midwest Mutual Ins. Co. v. Aetna Casualty & Surety Co.*, 216 Va. 926, 223 S.E.2d 901 (1976), and other cited authority. Both parties have submitted briefs, and, on October 28, 2015, the Court heard argument and took the matter under advisement.

## Discussion

After a review of the statutory authority and case law, and mindful of the arguments and authority cited by counsel, I find that, under the current state of the law and the specific facts of this case, the motion in opposition to the motion for damages should be granted as there is no authority to proceed against the UIM carrier for bad faith.

The responsibility and obligations of the UIM carrier differ significantly from a liability insurer. As the Supreme Court of Virginia pointed out in *Midwest Mutual, supra,* the obligation of the uninsured motorist insurer arises only if it is determined that the insured is legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle, As the court stated:

> we should not lose sight of the basic difference between statutory uninsured motorist coverage in Virginia and the protection afforded by the pure indemnification provisions of a liability policy. Under the statutory uninsured motorist coverage, the carrier undertaking to protect its injured insured for damages caused by an uninsured tortfeasor owes no duty to that tortfeasor; the carrier is only obligated to pay a judgment within its coverage limits when one is obtained against the tortfeasor. It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in the event of an accident. But under the usual liability provision, the insurer must defend the tortfeasor, its insured, against imposition of legal liability to the injured claimant and this includes the duty to exercise good faith to settle within the policy limits any meritorious claim against the insured.

*Midwest Mutual, supra,* p. 4 (citation omitted). While this opinion was decided in 1976, there is nothing that has been cited or found by the Court that overturns or modifies this ruling of the Virginia Supreme Court. This obligation of the underinsured carrier cannot arise until after a legal obligation, in excess of the limits of the liability carrier, has been returned. This does not, as some cases have suggested, hamper pretrial negotiations or settlements. But a UIM carrier owes no legal obligation to its insured for payment until it is established that the tortfeasor is underinsured.

I am aware that some circuits have reached a contrary decision, including *Chevalier-Seawell v. Mangum,* 90 Va. Cir. 420, 2015 Va. Cir. LEXIS 146 (Norfolk, 2015); *Copenhaver v. Davis,* 31 Va. Cir. 227 (Louisa, 1993); *Ballard v. State Farm Mutual Auto. Ins. Co.* (Virginia Beach, 1997).

In *Chevalier,* Judge Hall undertakes an analysis of the current case law on the issue of whether a UIM carrier may be the subject of a pretrial failure to act in good faith motion under the authority of Virginia Code § 8.01-66.1 and reaches a conclusion that such an action may be the subject of post-trial motions, such as those sought here. But, based on the holding in *Midwest Mutual,* I must respectfully disagree.

The motions in this case seek discovery on the basis of a pretrial allegation of bad faith on the part of the UIM carrier. Relying on the holding in *Midwest,* and with the supporting authority of *Mills v. Virginia Mutual Ins. Co.,* 70 Va. Cir. 412 (Richmond, 2006), and *State Farm v. Kelly,* 238 Va. 192, 380 S.E.2d 654 (1989), it is the opinion of the Court that Liberty Mutual is not liable to Ms. Conner unless and until she is legally entitled to collect against the underinsured motorist. I reject the position that the language of Virginia Code § 38.2-2206(A) is intended to overrule or change the holding by the Virginia Supreme Court. The Virginia General Assembly is certainly well equipped to make UIM coverage the subject of potential bad faith suits pursuant to 8.01-66.1 and has chosen not to do so.

Accordingly, the motion to quash the subpoena *duces tecum* is granted. The defendant's motion in opposition to plaintiff's motion for sanctions, fees, and attorney's fees is granted.