# CIRCUIT COURT OF FAIRFAX COUNTY

Ebenezer Manu

v.

GEICO Casualty Co.

March 11, 2016

Case No. CL-2015-6367

By Judge Daniel E. Ortiz

This case is before the Court on Plaintiff Ebenezer Manu's Motion To Compel Discovery from Defendant GEICO Casualty Company ("GEICO") and GEICO's Motion To Reconsider its Demurrer. Both motions were taken under advisement after oral argument by counsel. For the reasons set forth below, the Court grants GEICO's Motion To Reconsider, vacates the Order overruling GEICO's Demurrer, sustains GEICO's Demurrer with prejudice, and denies Mr. Manu's Motion To Compel Discovery as moot.

## I. *Background and Prior Proceedings*

The allegation of insurance bad faith in this case warrants a summary of the underlying tort action. GEICO insured Mr. Manu pursuant to an uninsured motorist endorsement that provided coverage up to a limit of $25,000 per person. On October 30, 2010, Mr. Manu was a passenger in a vehicle involved in a four-car accident. A John Doe driver triggered the collision when his vehicle cut off a line of cars traveling west on Interstate 495. Mr. Manu suffered personal injuries as a result.

On October 19, 2012, Mr. Manu filed a lawsuit in Fairfax County Circuit Court against John Doe, the driver of the car in which Mr. Manu was a passenger, and three other named defendants. GEICO elected to defend John Doe. During discovery, three of the defendants identified John Doe as the cause of the accident. Mr. Manu offered to settle his case against John Doe for $12,500. In response, GEICO made a $5,000 counteroffer that Mr. Manu rejected. Mr. Manu then settled his lawsuit against the driver of the car in which he was a passenger for the liability policy limit of $25,000, and proceeded to trial against John Doe. On February 10, 2015, the Court rendered a judgment against John Doe on a jury verdict in the amount of $68,528.24. On May 14, 2015, Mr. Manu filed a separate action against GEICO alleging bad faith in violation of Virginia Code § 8.01-66.1(D)(1), Virginia Code § 38.2-209(A), and the common law.

On July 24, 2015, the Honorable John E. Kloch overruled GEICO's Demurrer to the Complaint. The parties appeared before the Court again on December 18, 2015, upon Mr. Manu's Motion To Compel Discovery, including production of GEICO's claim file. The Court granted the Motion in part, ordered GEICO to produce a privilege log to Mr. Manu, and took under advisement the issue of whether the claim file, which the Court reviewed in camera, was subject to the work-product doctrine and attorney-client privilege. By letter to counsel dated January 28, 2016, the Court expressed its concern that if the Complaint failed to state a cause of action, privileged documents would be released. In its letter, the Court invited GEICO to file a Motion To Reconsider Judge Kloch's ruling on the Demurrer. The Court took GEICO's Motion To Reconsider under advisement after counsel appeared at a hearing held on February 26, 2016.

## II. *Arguments*

GEICO argues that its obligations to Mr. Manu are governed exclusively by the terms of the policy and the Virginia uninsured motorist statute. It points to Virginia Code § 38.2-2206(A), which requires an uninsured motorist carrier to pay its insured all sums that the insured is legally entitled to recover as damages from an uninsured motorist. GEICO contends that a judgment against an uninsured motorist is the event that determines legal entitlement to recovery. Thus, GEICO maintains that its duties to Mr. Manu

arose only after he obtained a judgment against John Doe. For that reason, GEICO argues that it did not owe Mr. Manu a pre-trial duty to evaluate, adjust, and settle Mr. Manu's claim under Virginia Code § 8.01-66.1(D)(1) and Virginia Code § 38.2-209(A). Similarly, GEICO argues that Virginia Code § 38.2-209(A) does not create an independent cause of action for bad faith. GEICO also opposes Mr. Manu's Motion To Compel Discovery on the grounds of attorney-client privilege and the work-product doctrine.

In response, Mr. Manu asserts that Virginia Code § 8.01-66.1(D)(1) and Virginia Code § 38.2-209(A) provide insureds with a remedy against uninsured motorist carriers whose bad faith dealings force the expense of litigation. Mr. Manu argues that because Virginia Code § 8.01-66.1(D) (1) cross-references insurance as defined in Virginia Code § 38.2-124, it applies to the Virginia uninsured motorist statute. On the one hand, Mr. Manu contends that the Supreme Court of Virginia has construed Virginia's uninsured motorist statute to permit an insured to recover from an uninsured motorist carrier without regard to a judgment. According to Mr. Manu, the language of Virginia Code § 38.2-2206(A) that requires an insured to be "legally entitled to recover" from an uninsured motorist does not conflict with the imposition of a pre-trial duty on the part of an uninsured motorist carrier to evaluate, adjust, and settle claims in good faith. He cites *Aetna Casualty & Surety Co. v. Dodson,* 235 Va. 346, 367 S.E.2d 505 (1988), in support of this reading of Virginia Code § 38.2-2206(A). On the other hand, Mr. Manu posits that Virginia Code § 8.01-66.1(D)(1) and Virginia Code § 38.2-209(A) impose a pre-trial duty on uninsured motorist carriers to evaluate, adjust, and settle claims in good faith, even if a judgment is the event that determines legal entitlement to recovery under Virginia Code § 38.2-2206(A).

Thus, Mr. Manu alleges that GEICO acted in bad faith when it chose not to conduct an investigation into his claim. According to Mr. Manu, GEICO never discovered information that contradicted his, or the three other defendants' contention that John Doe's negligence was the proximate cause of the collision and Mr. Manu's personal injuries. He alleges that instead of resolving his claim through a settlement, GEICO unreasonably forced him to obtain a judgment against John Doe. In addition, Mr. Manu asserts that only attorney-client communications are privileged when an insured pursues its remedy against an underinsured motorist carrier for bad faith.

### III. *Standard of Review*

The Court begins its analysis with the well-established standard of review applicable to a demurrer. The function of a demurrer is to test only whether the complaint states a cause of action upon which relief can be granted if all the allegations are admitted as true. In ruling on a demurrer, the Court considers all reasonable inferences of fact that fairly and justly

could be drawn from the facts alleged. *Faulknier v. Shafer*, 264 Va. 210, 214-15, 563 S.E.2d 755 (2002).

As Mr. Manu's Motion To Compel Discovery is moot, the Court forgoes a discussion of the applicable standard of review.

## IV. *Discussion*

### A. *Uninsured Motorist Insurance Coverage Under Virginia Code § 38.2-2206(A)*

At issue in this case is whether Virginia Code § 8.01-66.1(D)(1) and Virginia Code § 38.2-209(A) impose a pre-trial duty of good faith on an uninsured motorist carrier to evaluate, adjust, and settle a claim before its insured obtains a judgment against an uninsured motorist in accordance with Virginia Code § 38.2-2206(A). The Virginia uninsured motorist statute states, in relevant part:

> Except as provided in subsection J of this section, no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits not less than the requirements of § 46.2-472.

Va. Code § 38.2-2206(A).

In *Midwest Mutual Ins. Co. v. Aetna Casualty & Surety Co.*, 216 Va. 926, 223 S.E.2d 901 (1976), the Supreme Court of Virginia construed the predecessor section of Virginia Code § 38.2-2206(A) to mean:

> [T]he obligation of the uninsured motorist insurer arises only if it is determined that the insured is "legally entitled to recover" damages from the owner or operator of an uninsured motor vehicle. Judgment is the event which determines legal entitlement to recovery.

*Id.* at 929. The Court is not convinced of Mr. Manu's argument that *Midwest Mutual* was limited to its facts by *Aetna Casualty & Surety Co. v. Dodson*, 235 Va. 346, 367 S.E.2d 505 (1988), and thus, Mr. Manu was legally entitled to recover under the policy without regard to a judgment. *See Dodson*, 235 Va. at 351, n. 6 ("Aetna cites *Midwest Mutual v. Aetna Casualty*, 216 Va. 926, 223 S.E.2d 901 (1976), for the proposition that the insured is not 'legally entitled to recover' from an uninsured motorist until the insured's claim against the tortfeasor is reduced to judgment. *Midwest*

*Mutual* is inapposite here. It was an action for contribution between two insurance carriers and turned solely upon the principles governing the equitable right of contribution enforceable at law between joint obligors."). To the contrary, *Midwest Mutual* set forth a correct statement of Virginia law that was affirmed in *State Farm Mutual Auto Ins. Co. v. Kelly*, 238 Va. 192, 380 S.E.2d 654 (1989). Kelly was an uninsured motorist case in which the Supreme Court of Virginia stated unanimously:

> We previously have held that judgment is the event which determines legal entitlement to recovery. *Midwest Mutual Ins. Co. v. Aetna Casualty & Surety Co.*, 216 Va. 926, 929, 223 S.E.2d 901, 904 (1976). Accordingly, State Farm's liability to Kelly was not established until February 18, 1986, when Kelly obtained the $50,000 judgment from the uninsured motorist.

*Kelly*, 238 Va. at 196 (internal brackets and quotations omitted).

Unlike *Midwest Mutual*, which involved contribution between insurance carriers, Kelly involved an injured party who sought payment of the policy limit under an uninsured motorist endorsement. *See id.* at 194. Consequently, *Dodson* did not limit *Midwest Mutual* to its facts.

Likewise, *Dodson* did not limit the controlling interpretation of Virginia's underinsured motorist statute announced in Willard v. Aetna Casualty & Surety Co., 213 Va. 481, 193 S.E.2d 776 (1973). In *Willard*, the Supreme Court of Virginia resolved a choice of law issue by applying the North Carolina underinsured motorist statute, but in so doing observed:

> Under Virginia law, Aetna would not be subject to an action in contract on its uninsured motorist endorsement until judgment in tort had been entered against the unknown defendant as "John Doe." *See* Code § 38.1-381(e) . . . .

*Id.* at 482 (string citation omitted).

*Willard, Midwest Mutual,* and *Kelly* hold that an underinsured motorist carrier is not liable to its insured unless and until the insured is legally entitled to collect from the uninsured motorist. *See, e.g., Kelly*, 238 Va. at 195. Therefore, under Virginia law, a judgment against the uninsured motorist remains the event that determines legal entitlement to recovery. *Id.* The plain language of the statute also supports this conclusion. *See, e.g.,* Va. Code § 38.2-2206(F) ("[I]mmunity from liability for negligence of the owner or operator of a motor vehicle *shall not be a bar to the insured obtaining a judgment enforceable against the insurer* for the negligence of the immune owner or operator, and . . . *any judgment obtained against an immune defendant shall be entered in the name of "Immune Defendant" and shall be enforceable against the insurer. . . .*") (emphasis added). As GEICO would not be subject to an action in contract on its uninsured motorist

endorsement unless and until a judgment in tort was entered against John Doe, the Court must determine whether Virginia Code § 8.01-66.1(D)(1) and Virginia Code § 38.2-209(A) provide Mr. Manu with a remedy against GEICO.

B. *Bad Faith Under Virginia Code § 8.01-66.1(D)(1) and Virginia Code § 38.2-209(A)*

Mr. Manu contends that, irrespective of Virginia Code § 38.2-2206(A), GEICO owed him a pre-trial duty to evaluate, adjust, and settle his claim in good faith under Virginia Code § 8.01-66.1(D)(1) and Virginia Code § 38.2-209(A). He argues that GEICO breached its duty when it refused to settle his uninsured motorist claim before a judgment was rendered against John Doe. In support of this position, Mr. Manu cites Virginia Code § 8.01-66.1(D)(1), which provides a remedy for the arbitrary refusal of a motor vehicle insurance claim:

> Whenever a court of proper jurisdiction finds that an insurance company licensed in this Commonwealth to write insurance as defined in § 38.2-124 denies, refuses or fails to pay to its insured a claim of more than $3,500 in excess of the deductible, if any, under the provisions of a policy of motor vehicle insurance issued by such company to the insured and it is subsequently found by the judge of a court of proper jurisdiction that such denial, refusal or failure to pay was not made in good faith, the company shall be liable to the insured in the amount otherwise due and payable under the provisions of the insured's policy of motor vehicle insurance, plus interest on the amount due at double the rate provided in § 6.2-301 from the date that the claim was submitted to the insurer or its authorized agent, together with reasonable attorney's fees and expenses.

Va. Code § 8.01-66.1(D)(1).

Mr. Manu also relies upon Virginia Code § 38.2-209(A), a statute that authorizes a trial judge to award attorney's fees and costs after the insured establishes coverage under a disputed policy and the court finds that the insurer denied coverage in bad faith. Va. Code § 38.2-209(A) ("Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make

payment to the insured under the policy."); *REVI, L.L.C. v. Chicago Title Ins. Co.*, 776 S.E.2d 808, 813 (Va. 2015).

As an initial matter, Virginia Code § 38.2-209(A) does not create an independent cause of action. Va. Code § 38.2-209(B); *REVI*, 776 S.E.2d. at 813. It is apparent from the face of the Complaint that Mr. Manu has not sued GEICO to determine what coverage, if any, existed under the policy, but instead seeks fees, costs, and damages in excess of the policy limit paid by GEICO after a judgment was rendered against John Doe. *See* Va. Code § 38.2-209(A). Thus, the Complaint fails to allege facts sufficient to invoke the remedy provided by Virginia Code § 38.2-209(A) for an insurer's denial of coverage or failure to make payment under a policy. Although not cited in the Complaint, Mr. Manu referenced Virginia Code § 38.2-510(A)(6)-(7) in his Opposition to GEICO's Motion To Reconsider. Those provisions of Virginia's Unfair Trade Practices chapter state, "No person shall commit or perform with such frequency as to indicate a general business practice any of the following . . . (6) Not attempting in good faith to make prompt, fair and equitable settlements of claims in which liability has become reasonably clear; (7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds . . . ." The Court is not persuaded that the quoted statutory provisions are of consequence to the motions before the Court, as the Complaint does not allege GEICO's conduct was indicative of "a general business practice" and Virginia Code § 38.2-510(B) provides, "No violation of this section shall of itself be deemed to create any cause of action in favor of any person other than the Commission . . . ." *Id.* at § 38.2-510(A)-(B). The Court, therefore, turns to Mr. Manu's argument that Virginia Code § 8.01-66.1(D) (1) required GEICO to evaluate, adjust, and settle his claim in good faith.

The Supreme Court of Virginia has not decided whether an uninsured motorist carrier may be liable for pre-trial bad faith pursuant to Virginia Code § 8.01-66.1(D)(1). It did, however, observe the remedial nature of the statute in *Nationwide Mutual Ins. Co. v. St. John*, 259 Va. 71, 524 S.E.2d 649 (2000), holding, "Section 8.01-66.1(A) operates as a punitive statute in the same manner as § 38.2-209 because both punish an insurer whose bad faith dealings force an insured to incur the expense of litigation." *Id.* at 75. The Supreme Court reasoned that absent "the statutory authorization for recovery of multiplied damages, together with attorneys' fees and expenses, the expense of litigation to recover such claims would preclude that course of action in many cases." *Id.* Even so, *St. John* is distinguishable from the case before the Court because it did not involve an allegation of bad faith conduct on the part of an underinsured motorist carrier before a judgment was rendered against the uninsured motorist in accordance with Virginia Code § 38.2-2206(A). *See id.* at 74.

As the Supreme Court explained in *United Services Auto. Ass'n v. Nationwide Mutual Ins. Co.*, 218 Va. 861, 241 S.E.2d 784 (1978), "The liability carrier has the duty to defend the insured and to exercise good faith to settle meritorious claims within the policy limits, *an undertaking which is not required of the uninsured motorist carrier.*" *Id.* at 866 (emphasis added). The Court notes that *United Services* was decided after the Virginia General Assembly first approved Virginia Code § 8.01-66.1 on April 1, 1977. *See* 1977 Va. Acts. ch. 621. Moreover, on a number of occasions the Supreme Court has noted, "When tort litigation ensues, the liability insurer is the insured's defender; the uninsured motorist insurer is the insured's adversary." *Seals v. Erie Ins. Exch.*, 277 Va. 558, 563, 674 S.E.2d 860 (2009). This distinction was further illustrated in *Maxey v. Doe,* 217 Va. 22, 225 S.E.2d 359 (1976):

> [A]fter the uninsured motorist claim was asserted, insurer and insured assumed an adversary relationship. In such a posture, the insurer was under no duty to inform the insured that, should their dealings and negotiations fail to resolve the claim, it would rely on insured's failure to file the SR-300 report as required by statute.

*Id.* at 25-26.

The weight of Supreme Court of Virginia precedent signals that Virginia Code § 8.01-66.1(D)(1) does not impose a pre-trial duty upon an uninsured motorist carrier to evaluate, adjust, and settle its insured's claim in good faith. Furthermore, several other circuits have come to the same conclusion. *See Conner v. Glasgow*, No. CL-13-754, 92 Va. Cir. 191, 2015 Va. Cir. LEXIS 230 (Spotsylvania Cnty. Nov. 5, 2015) (concluding that Virginia Code § 8.01-66.1 does not apply to uninsured motorist carriers); *Mills v. Virginia Mut. Ins. Co.*, 70 Va. Cir. 412 (Richmond City 2006) (holding that an uninsured motorist carrier has no duty to settle in good faith before a judgment is rendered against the uninsured motorist). The Court recognizes that one circuit reached a contrary decision. *See generally Chevalier-Seawell v. Mangum*, 90 Va. Cir. 420 (Norfolk City 2015) (holding that Virginia Code § 8.01-66.1(D)(1) provides for relief to an insured for the failure of an uninsured motorist carrier to act in good faith relating to a claim before trial). As Mr. Manu's adversary, GEICO had no pre-trial duty to evaluate, adjust, and settle his claim in good faith. Consequently, the Complaint fails to state a cause of action under Virginia law.

## V. *Conclusion*

For the foregoing reasons the Court grants GEICO's Motion to Reconsider, vacates the Order overruling GEICO's Demurrer, sustains GEICO's Demurrer with prejudice, and denies Mr. Manu's Motion To Compel Discovery as moot.