AETNA CASUALTY AND SURETY COMPANY

V.

PATRICIA A. DODSON, ADMINISTRATRIX, ETC.

Record No. 871205

April 22, 1988

Present: All the Justices

*Ignacio Britto Pessoa (Christopher K. Speed; Arthur & Speed, Ltd.,* on briefs), for appellant.

*John Blazer (R. Harrison Pledger, Jr.; Crews and Hancock,* on briefs), for appellee.

RUSSELL, J., delivered the opinion of the Court.

Pursuant to Rule 5:42[1], the United States Court of Appeals for the Fourth Circuit, on October 22, 1987, certified to this Court two questions of Virginia law, which we accepted by order entered November 25, 1987. The certified questions were stated as follows:

1. Does Virginia law permit recovery by an insured's estate under the UM provision of the insured's policy (paid for by the insured), where the insured was killed in a work-related motor vehicle accident and where the employer/vehicle owner and co-employee/vehicle operator both had insurance, but where the exclusive remedy clause of the Virginia Workmen's Compensation Act bars recovery under those other policies?

2. In the event Virginia law permits recovery under the circumstances in question one above, should the workmen's compensation benefits received by the insured's wife and children be set-off against the insured's estate's UM recovery where the insured's policy contains a set-off provision?

Because we answer the first question in the negative, it is unnecessary to answer the second.

The facts were stipulated in the federal court. On May 18, 1984, Elmer W. Dodson, Jr., was employed by A.G. Van Metre, Jr., Inc. (Van Metre), as a construction site supervisor. While in the course of his employment, he was struck and killed by a truck owned by Van Metre and operated by Rogerio Cardoso, a fellow employee of Van Metre also acting in the course of his employment. Dodson was survived by his widow and five children.

Dodson's widow and children are statutory beneficiaries under the Virginia wrongful death statutes. Code §§ 8.01-50 through 56. The widow and one dependent child applied for benefits under the Workers' Compensation Act. They received an award, and workers' compensation benefits are now being paid to them.

At the time of his death, Dodson was the named insured in a policy of insurance issued by Aetna Casualty and Surety Com-

---

[1] Implementing the 1986 amendment to Va. Const. art. VI, § 1, we adopted Rule 5:42, providing for the consideration of questions of Virginia law certified to this Court by certain courts of the United States and by the highest appellate courts of our sister states and of the District of Columbia.

pany (Aetna) covering two trucks owned by Dodson. The premium had been paid, and the policy was in effect. As required by Code § 38.1-381(b),[2] the policy contained an uninsured motorist (UM) endorsement, which provided: "The company will pay . . . all sums which the insured or his legal representative *shall be legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle . . . ." (Emphasis added.)

Dodson's widow qualified as administratrix of his estate and brought a wrongful death action in the Circuit Court of Fairfax County against Van Metre, Cardoso, and Steven Reece, another Van Metre employee.[3] The defendants in the circuit court filed a plea in bar, asserting that the Workers' Compensation Act afforded the exclusive remedy, because Dodson's fatal injuries were sustained in the course of, and arose out of, his employment, and because Dodson, Cardoso and Reece were all engaged in their employment with Van Metre at the time of the accident. On July 23, 1987, the Circuit Court of Fairfax County sustained the plea in bar and dismissed the wrongful death action as to Van Metre, Cardoso, and Reece.[4]

The administratrix also filed a declaratory judgment proceeding in the United States District Court for the Eastern District of Virginia against Aetna, contending that Dodson's estate was entitled to $300,000, the limit of Aetna's coverage under the UM endorsement, and that Aetna had denied coverage. Although Van Metre's truck was insured, she contended that the bar of the Workers' Compensation Act denied her the benefit of Van Metre's insurance, bringing Cardoso within the statutory definition of an "uninsured motorist."[5] Aetna raised several defenses by answer, and the parties filed cross-motions for summary judgment. Aetna contended that because Dodson's estate was not "legally entitled to recover" from the owner or operator of the "uninsured motor vehicle," due to the workers' compensation bar, the administratrix

---

[2] Recodified in 1986 as Code § 38.2-2206A (1986 Repl. Vol.), Acts 1986, c. 562.

[3] The administratrix also joined the manufacturer and the seller of the truck, as well as a party who had allegedly installed equipment thereon. She later nonsuited those parties.

[4] The administratrix petitioned this Court for an appeal of that ruling, which we have this day refused.

[5] The parties stipulated that although Van Metre's truck was covered by a general liability insurance policy, "because [Dodson's] survivors are receiving workmen's compensation benefits, coverage for Mr. Dodson's death under the terms of that policy would be denied."

failed to meet a condition precedent for coverage under the UM endorsement.

The district court ruled in favor of the administratrix, granting declaratory judgment establishing UM coverage, and granting the administratrix "leave, in a separate proceeding, to establish fault and determine the full measure of damages with an off set for workman's compensation coverage." Aetna appealed to the United States Court of Appeals for the Fourth Circuit the district court's ruling establishing UM coverage. The administratrix cross-appealed the ruling allowing Aetna to offset workers' compensation benefits. The court of appeals certified those questions to us as stated above.

■ In Virginia, the Workers' Compensation Act affords the exclusive remedy for personal injury or accidental death sustained within its purview, against a covered employer or against fellow employees whose causative acts arise out of and in the course of employment by a covered employer. Code §§ 65.1-40 and -103. Here, the administratrix, having applied for and received workers' compensation benefits, cannot and does not contest the applicability of the Workers' Compensation Act to the facts surrounding her decedent's accidental death. Rather, she contends that the phrase "legally entitled to recover as damages," appearing in Aetna's policy, is ambiguous, and should be construed against Aetna, which drafted the policy, upon *contra proferentem* principles. Therefore, she argues, even though workers' compensation would be an exclusive remedy, barring her right to proceed against Van Metre and its employees, nevertheless, Aetna should be unable to take advantage of the workers' compensation bar. She contends that a construction of the policy language in favor of the insured would "respect the legislative intent behind the UM scheme by affording coverage to injured claimants in situations where adequate compensation would not otherwise exist."

■ We do not agree with the administratrix. Leaving aside the question whether *contra proferentem* principles apply to contracts whose language is prescribed by statute, we find nothing ambiguous in the language of Aetna's UM endorsement or in the statute upon which it is based. The phrase "legally entitled to recover as damages" interposes, as a condition precedent to the UM insurer's obligation, the requirement that the insured have a legally enforceable right to recover damages from an owner or oper-

ator of an uninsured motor vehicle.[6] We do not perceive a rational alternative which would render the phrase ambiguous.

■ Because workers' compensation afforded the exclusive remedy against the decedent's employer and fellow employees for his accidental death, his statutory beneficiaries are not "legally entitled to recover" damages against them. It follows that a condition precedent to Aetna's liability under its UM endorsement was not met.

The parties have cited a number of cases in which other jurisdictions have considered similar questions, but most are inapposite because workers' compensation is not an exclusive remedy in those jurisdictions. An exception is *Perkins v. Insurance Co. of North America*, 799 F.2d 955 (5th Cir. 1986), which was governed by the law of Mississippi. That law provided that workers' compensation was an injured employee's exclusive remedy for work-related injuries against his employer and his fellow employees. Further, Mississippi's UM law, virtually identical to Virginia's, was incorporated into the language of the insurance policy in question. The federal court, considering arguments similar to those advanced before us, in the absence of a ruling by the courts of Mississippi, relied on Professor Larson's treatise on workers' compensation:

> Ordinarily, for the uninsured motorist clause to operate in the first place, the uninsured third person must be legally subject to liability. Thus, if the third person is specifically made immune to tort suit by the compensation act's exclusive remedy clause, the uninsured motorist provision does not come into play. In the familiar example of coemployee immunity, the issue thus becomes whether the accident was in the course of employment; if it was, the uninsured motorist carrier has no liability.

799 F.2d at 959 (emphasis deleted) (quoting A. Larson, 2A Workmen's Compensation Law § 71.23(j) at 14-37 (1983) (1987 Supp. at 14-44)). We agree with that analysis.

---

[6] Aetna cites *Midwest Mutual v. Aetna Casualty*, 216 Va. 926, 223 S.E.2d 901 (1976), for the proposition that the insured is not "legally entitled to recover" from an uninsured motorist until the insured's claim against the tortfeasor is reduced to judgment. *Midwest Mutual* is inapposite here. It was an action for contribution between two insurance carriers and turned solely upon the principles governing the equitable right of contribution enforceable at law between joint obligors.

■ In the present case, the United States District Court distinguished *Perkins* on the ground that Perkins sought recovery under the UM provisions of his employer's policy, while here the administratrix seeks to recover under the decedent's own UM policy. The district court reasoned that because of this difference, "the policy underlying the Workmen's Compensation Act is less compelling." Because we view the certified question as resolved by the interpretation of the unambiguous phrase "legally entitled to recover as damages," we do not reach considerations of legislative policy.

*The first certified question*
*is answered in the negative.*