**Jennifer A. VALENTINE and Michael J. Valentine, Appellants,**

v.

**SAFECO LLOYDS INSURANCE COMPANY, Appellee.**

**No. 01–95–01443–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 1996.

Rehearing Overruled Sept. 4, 1996.

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

Howard M. Kahn, Houston, for Appellants.

Sally T. Miller, David L. Miller, Houston, for Appellee.

Before HUSTON–DUNN, O'CONNOR and TAFT, JJ.

## OPINION

TAFT, Justice.

Appellants, Jennifer A. Valentine and Michael J. Valentine, appeal from a summary judgment granted in favor of appellee, Safeco Lloyds Insurance Company (Safeco). This case requires us to decide: (1) whether the summary judgment is final despite not dealing with all of appellants' causes of action; and (2) whether an employee who sues her employer for negligence may recover from her uninsured/underinsured motorist (UIM) coverage for injuries beyond the coverage of worker's compensation. We affirm.

### Background

Jennifer Valentine was employed as a driver for United Parcel Services (UPS). As Valentine was loading her UPS truck one day, she fell off the back bumper and was injured. She alleged the accident was caused by UPS's negligence in failing to properly repair the bumper. For her injuries, Valentine recovered $30,000 in worker's compensation benefits. Valentine sued UPS's automobile liability insurer, Liberty Mutual Insurance Company, and her own uninsured motorist carrier, Safeco Lloyds Insurance (Safeco). The trial court granted summary judgment in favor of both insurers and denied a motion for summary judgment by Valentine. Valentine appeals only the summary judgment granted in favor of Safeco.

1. TEX.BUS. & COM.CODE ANN. § 17.41 (Vernon 1987).

### Whether All Causes of Action Addressed

■■■ In point of error three, Valentine argues the trial court erred in granting Safeco's motion for summary judgment because Safeco's motion addressed only Valentine's contract claims under the insurance policy, but did not address her claims under the Deceptive Trade Practices Act (DTPA).[1] To be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex. 1993). If the order does not dispose of all issues and all parties, it is interlocutory and therefore not appealable absent a severance. *Id.* If a summary judgment order appears to be final, as evidenced by the inclusion of Mother Hubbard language (purporting to dispose of all claims or parties), the judgment should be treated as final for purposes of appeal. *Id.* at 592. If the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed. *Id.*

In this case, the trial court granted a partial summary judgment in favor of Safeco on April 11, 1995. On September 21, 1995, Valentine filed a motion for the trial court to enter final judgment "with all deliberate speed." The trial court signed a final judgment on October 4, 1995. The final judgment dismissed Valentine's claims against several other parties and ordered that Valentine take nothing from Safeco "as described in this court's Interlocutory Partial Summary Judgment in favor of defendant Safeco Lloyd's Insurance Company." The final judgment also contained a Mother Hubbard clause.

■■■ The record does not show that Valentine complained to the trial court about her outstanding DTPA claims. In fact, she requested the trial court to enter a final judgment even though her DTPA claims had not been addressed by Safeco. Because Valentine moved for final judgment without alerting the trial court to her outstanding DTPA claims, she has waived her right to complain about them on appeal. TEX.R.APP.P. 52(a).

We overrule point of error three.

## Scope of UIM Coverage

In points of error one, six, seven, and eight, Valentine contends the trial court erred by granting Safeco's motion for summary judgment. Specifically, Valentine contends the trial court erred by not concluding that UPS was underinsured as a matter of law, or that Valentine had raised a fact issue about UPS's underinsurance.

### A. Standard of Review

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Bangert v. Baylor College of Medicine,* 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson,* 891 S.W.2d at 644; *Bangert,* 881 S.W.2d at 565–66.

In its motion for summary judgment, Safeco contended: (1) the incident complained of by Valentine was not within the scope of the UIM coverage provided to Valentine; (2) the "regular use" exclusion precluded coverage; and (3) coverage was excluded because the vehicle was being used to carry goods for a fee.[2] Because the trial court's order does not state the grounds on which summary judgment was granted, we will affirm the summary judgment if any of the theories advanced is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 924 (Tex.App.— Houston [1st Dist.] 1993, no writ).

### B. Analysis

In its motion, Safeco argued that Valentine's UIM coverage was not triggered in this situation because UPS was not a "negligent, financially irresponsible motorist."[3] In support of this position, Safeco introduced proof that UPS carried liability insurance on the truck as well as worker's compensation insurance for its employees. Valentine responds by arguing that even though UPS carried liability insurance, she was unable to collect under its policy because her sole remedy against the negligence of her employer is worker's compensation benefits. The $30,000 Valentine received in worker's compensation benefits was insufficient to cover her actual damages. Valentine argues UPS was thus underinsured and she should be allowed to collect the difference from her own UIM carrier.

The issue we must decide is whether an employee's UIM coverage is available to an employee injured through the negligence of her employer while occupying the employer's vehicle in the course and scope of her employment, after the employee collects worker's compensation benefits. No Texas case discusses an employee's ability to access her own UIM coverage to supplement her worker's compensation benefits when the employee is injured through the fault of the employer while occupying the employer's vehicle. However, the overwhelming majority position nationwide is to preclude coverage under the employee's UIM policy.[4]

---

2. Safeco waives this third ground on appeal.

3. In discussing the purpose of requiring UIM coverage, the supreme court stated the legislature's intent was to protect conscientious motorists from financial loss caused by negligent, financially irresponsible motorists. *See Francis v. International Serv. Ins. Co.,* 546 S.W.2d 57, 61 (Tex.1976).

4. *See Federal Kemper Ins. Co. v. Wales,* 430 Pa.Super. 208, 633 A.2d 1212, 1214 (1993); *State Farm Mut. Auto. Ins. Co. v. Royston,* 72 Haw. 338, 817 P.2d 118, 119 (1991); *State Farm Mut. Auto. Ins. Co. v. Webb,* 54 Ohio St.3d 61, 562 N.E.2d 132, 133 (1990); *Cormier v. National Farmers Union Prop. & Casualty Co.,* 445 N.W.2d 644, 647–48 (N.D.1989); *Aetna Casualty & Sur. Co. v. Dodson,* 235 Va. 346, 349–52, 367 S.E.2d 505, 506–08 (Va.1988); *Allstate Ins. Co. v. Boynton,* 486 So.2d 552, 556–59 (Fla.1986); *Peterson v. Kludt,* 317 N.W.2d 43, 48–49 (Minn.1982); *Kough v. New Jersey Auto. Full Ins. Underwriting Ass'n,* 237 N.J.Super. 460, 466–71, 568 A.2d 127, 130–34 (N.J.Super.Cr.App.Div.1990); *Williams v. Thomas,* 187 Ga.App. 527, 528–29, 370 S.E.2d 773, 774–75 (Ga.Ct.App.1988); *Lee v. Allstate Ins. Co.,* 467 So.2d 44, 47 (La.Ct.App. 1985); *Mayfield v. Casualty Reciprocal Exch.,* 442 So.2d 894, 896–97 (La.Ct.App.1983); *Williams v. Country Mut. Ins. Co.,* 28 Ill.App.3rd 274, 275–77, 328 N.E.2d 117, 118–20 (Ill.App.Ct. 1975); *Hopkins v. Auto–Owners Ins. Co,* 41 Mich. App. 635, 638, 200 N.W.2d 784, 786 (Mich.Ct.

In *Dodson*, 367 S.E.2d at 506–08, the plaintiff was struck and killed by a truck belonging to his employer and driven by a co-employee. Plaintiff's widow recovered worker's compensation benefits and then sued the plaintiff's UIM carrier, whose coverage provided that it would "pay ... all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." *Id.* at 506–07. The Virginia Supreme Court held that even though the employer had auto liability insurance, worker's compensation law prohibited recovery under that policy. *Id.* at 507–08. Because worker's compensation law barred a legal recovery from the employer, the employee's widow was not entitled to invoke the coverage of the employee's UIM coverage. *Id.*

In *Cormier*, 445 N.W.2d at 645, the plaintiff was injured when the vehicle in which she was riding, while driven by a co-worker, collided with a truck. The plaintiff settled with the driver of the truck, and was precluded from suing her co-worker under worker's compensation law. *Id.* She collected worker's compensation benefits, and then attempted to collect under her UIM coverage, which provided, "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle." *Id.* The North Dakota Supreme Court held that because the plaintiff was statutorily precluded from recovering damages from her co-employee, she could not recover UIM benefits. *Id.* at 646–47. The plaintiff was not "legally entitled to recover" from her co-employee, and worker's compensation benefits were her exclusive remedy. *Id.*

In *Kough*, 568 A.2d at 129–30, the plaintiff was injured in a car owned by her employer and operated by a co-worker. The plaintiff collected worker's compensation benefits and attempted to collect additional benefits under her own UIM coverage. *Id.* The New Jersey Superior Court held that no UIM benefits were available and gave two reasons. First, the court noted that the legislature

intended for UIM coverage to fill a "gap" so as to compensate innocent automobile accident victims who are injured by drivers who violate the statutory requirement of carrying liability coverage. *Id.* at 131. There was no intent to allow the victim of an uninsured motorist to receive compensation that he could not receive even if the negligent driver was in compliance with mandatory liability requirements. *Id.* Second, the court noted that the plaintiff was not "legally entitled" to recover from her co-employee because of New Jersey's worker's compensation law. *Id.* at 132–33.

Valentine argues that she is legally entitled to recover from UPS and cites *Boris v. Liberty Mut. Ins. Co.*, 356 Pa.Super. 532, 515 A.2d 21, 22 (1986), which we find distinguishable. In *Boris*, the plaintiff was driving his employer's vehicle when he was run off the road by an uninsured motorist. *Id.* The plaintiff collected worker's compensation benefits and then attempted to collect under his employer's UIM coverage. *Id.* at 22, 23 n. 1. The court held that worker's compensation law precluded the employee from collecting under his employer's automobile liability policy because such a claim would require litigating the fault of the insurer. *Id.* at 24. However, the court allowed the employee to collect under his employer's UIM coverage because that would involve litigating the fault of a third-party tortfeasor. *Id.* at 24–25.

The key difference between *Boris* and the present case is that *Boris* involved a third-party tortfeasor, whereas in this case the alleged tortfeasor is the employer. The plaintiff in *Boris* was legally entitled to recover damages from the third-party tortfeasor; however, Valentine is not legally entitled to recover damages from UPS.

Finally, Valentine relies on *Hamaker v. American States Ins. Co.*, 493 S.W.2d 893, 895–97 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.), in which this Court invalidated a clause that allowed a UIM car-

App.1972). *But see Torres v. Kansas City Fire & Marine Ins. Co.*, 849 P.2d 407, 411 (Okla.1993) (the uninsured motorist carrier does not stand in the tortfeasor's shoes so that coverage is allowed

even if the insured would not be legally entitled to recover from the uninsured motorist because of exclusivity of worker's compensation).

rier to offset the damages it paid the insured by the amount the insured had recovered through worker's compensation. However, *Hamaker* does not address the issue presented by this case. In *Hamaker*, the *existence* of UIM coverage was not in question, only the amount of benefits recoverable. The case at bar presents a more fundamental issue: Is the insured entitled to invoke her UIM coverage at all if she is precluded from suing her employer?

■ The insurance policy in the present case, like the policies in *Dodson, Cormier,* and *Kough,* provides that Safeco will "pay *damages* which a covered person is *legally entitled to recover* from the owner or operator of an uninsured motor vehicle." (Emphasis added.) Under TEX.LAB.CODE ANN. art. 408.001 (Vernon 1996), Valentine is not "legally entitled to recover" from UPS; she is limited to collecting worker's compensation benefits. Therefore, coverage under Safeco's policy is not available.

■ Article 5.06–1 of the Insurance Code also requires that the insured be *"legally entitled to recover damages* from owners or operators of uninsured or underinsured motor vehicles." TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981) (emphasis added). We believe this manifests the legislature's intent to require, as a prerequisite to UIM coverage, that the insured be entitled to sue the tortfeasor for damages. We do not believe the legislature intended UIM benefits to be available under these facts.

■ We also agree that UPS is not a "financially irresponsible motorist." On the contrary, UPS maintained automobile liability insurance that met the statutory requirements and provided worker's compensation insurance. The law requires nothing more.

Finally, we note that article 5.06–1 expressly provides that the UIM carrier will be subrogated to its insured's rights against the tortfeasor once it pays UIM benefits. TEX. INS.CODE ANN. art. 5.06–1(6) (Vernon 1981). To allow an employee to collect from his UIM carrier under these circumstances would destroy the insurer's right of subroga-

tion against the tortfeasor. Because Valentine has no right to recover damages from UPS, Safeco would not be able to recover from UPS, through subrogation, after it paid Valentine.

We hold that Valentine's claims do not fall within the scope of the UIM coverage provided by Safeco's policy as a matter of law. Therefore, the trial court did not err by granting Safeco's motion for summary judgment.

We overrule points of error one, six, seven, and eight.

The remainder of this opinion does not meet the standards for publication pursuant to TEX.R.APP.P. 90(c) and thus is ordered not published.

### Conclusion

Because the trial court properly granted summary judgment on one of the grounds asserted by Safeco, we need not address Valentine's remaining points of error,[5] and decline to do so.

We affirm the trial court's judgment.

---

5. *The points of error we do not address attack the trial court's granting summary judgment: by applying the "regular use" exclusion (points four and five); by concluding appellant is not a "cov-* ered person" (points 10 and 11); and by concluding a "hit" or "collision" is necessary for UIM coverage (point 12).