Present:  All the Justices

MONENNE Y. WELCH, ADMINISTRATOR
OF THE ESTATE OF BERNIE PRESTON
WELCH, JR.
                              OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 982534                    November 5, 1999

MILLER AND LONG COMPANY OF
MARYLAND, INC., ET AL.


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Kathleen H. MacKay, Judge

     The question presented in this wrongful death action,

stemming from an accident at a construction site, is whether the

uninsured motorists statute, Code § 38.2-2206, permits the

personal representative of a deceased employee to prosecute a

common-law action against the statutory employer and a fellow

servant, as well as two uninsured motorist carriers, and collect

a judgment from the insurers despite the exclusive remedy

provision of the Workers' Compensation Act (the Act).  We answer

that question in the negative.

     The facts are not disputed.  In October 1997, the

plaintiff's decedent, Bernie P. Welch, was operating a dump

truck for his employer, C. W. Strittmatter, Inc., at a

construction site in Fairfax County.  At that time and place,

defendant Miller & Long Company of Maryland, Inc., owned a

mobile crane being operated in the work by its employee,

defendant Nathan Gunn.  As a result of the alleged negligence of

Gunn, the crane "toppled over," crushing the truck's cab and causing Welch's death.

Welch's administrator filed this common-law action against the foregoing defendants seeking recovery of damages under the Death By Wrongful Act statutes, Code § 8.01-50, et seq. The plaintiff joined as defendants Royal Insurance Company of America, the uninsured motorist carrier for the dump truck, and Government Employees Insurance Company (GEICO), the uninsured motorist carrier for the decedent's personal motor vehicle.

The parties agreed that the deceased was operating the truck in the scope of his employment with Strittmatter; that Miller & Long, Strittmatter, the deceased, and Gunn were all engaged in construction work on one project at one site; that Miller & Long and Strittmatter were subcontractors on the job; and that Miller & Long and Gunn fell within the jurisdiction of the Act.

Defendants Miller & Long (the decedent's statutory employer) and Gunn (the decedent's fellow servant) filed a plea in bar, asserting that a common-law action against them for negligence was barred by the exclusive remedy provision of the Act, Code § 65.2-307 (rights and remedies granted to employee for payment of workers' compensation on account of death by accident exclude all other rights and remedies of employee's personal representative at common law on account of such death).

2

Defendant Royal Insurance Company filed a motion for summary judgment (treated by the trial court as a plea in bar), in which GEICO joined. The insurers asserted that the plaintiff could not recover any uninsured motorist benefits because plaintiff, not being legally entitled to recover any damages against either Miller & Long or Gunn, could not satisfy the condition precedent to such uninsured motorist liability. The uninsured motorist statute requires motor vehicle liability policies to contain provisions undertaking to pay "the insured all sums that he is legally entitled to recover as damages" from an uninsured motorist. Code § 38.2-2206(A).

The plaintiff urged application of 1997 amendments to Code § 38.2-2206(B)(v) and (F), which generally provided that "immunity" from liability for negligence of the operator of a motor vehicle shall not be a bar to an insured obtaining a judgment against the insurer. The plaintiff asserted that the crane was an uninsured motor vehicle by statutory definition because Miller & Long and Gunn were "immune" from liability for negligence under the Act. The plaintiff further asserted that the 1997 amendments now allow "the deceased insured" to proceed with the action against the "immune" defendants and that any judgment obtained would be enforceable only against the insurers.

Following consideration of argument of counsel, the trial court, in a letter opinion, sustained the respective pleas in bar. We awarded the plaintiff this appeal from a September 1998 order dismissing the action with prejudice.

On appeal, the plaintiff advances the same arguments presented below, and contends the trial court erred in dismissing the action. We do not agree.

In Aetna Casualty and Surety Co. v. Dodson, 235 Va. 346, 367 S.E.2d 505 (1988), we considered a case with facts virtually identical to those presented here, and interpreted the version of the uninsured motorist statute effective at that time. We held that Virginia law did not permit recovery by an insured's estate under the uninsured motorist provisions of the insured's motor vehicle liability policy issued by Aetna, when the insured was killed in a work-related motor vehicle accident and when the employer/vehicle owner and co-employee/vehicle operator both were insured under other policies, but when the exclusive remedy provision of the Act barred recovery under those other policies.

In Dodson, we said: "Because workers' compensation afforded the exclusive remedy against the decedent's employer and fellow employees for his accidental death, his statutory beneficiaries are not 'legally entitled to recover' damages against them. It follows that a condition precedent to Aetna's

4

liability under its [uninsured motorist] endorsement was not met."  Id. at 351, 367 S.E.2d at 508.

Nine years after Dodson, the General Assembly amended portions of the uninsured motorist statute pertinent here.  See Acts 1997, ch. 170, 191.  The statutory definition of "Uninsured motor vehicle" was amended to provide that the term "means a motor vehicle for which . . . (v) the owner or operator of the motor vehicle is immune from liability for negligence under the laws of the Commonwealth or the United States, in which case the provisions of subsection F shall apply and the action shall continue against the insurer."  Code § 38.2-2206(B).

At the same time, subsection (F) was amended to provide: "Notwithstanding the provisions of subsection A [containing the 'legally entitled to recover' language], the immunity from liability for negligence of the owner or operator of a motor vehicle shall not be a bar to the insured obtaining a judgment enforceable against the insurer for the negligence of the immune owner or operator, and shall not be a defense available to the insurer to the action brought by the insured."  Code § 38.2-2206(F).

We reject the plaintiff's argument that only the foregoing amendments control here.  Initially, we disagree with the plaintiff that, because the alleged tortfeasors, defendants Miller & Long and its employee Gunn, are not subject to a

5

common-law judgment in an action by the plaintiff, due to the exclusive remedy provision of the Act, the amendment terms "immune" and "immunity" describe the status of those defendants.

In this context, the terms contemplate total exemption from tort liability, such as that generally enjoyed by state and local governments.  In the present situation, the tortfeasors were not exempt from liability.  Rather, they, and their workers' compensation insurance carrier, were strictly liable to the plaintiff for payment of workers' compensation benefits.

Moreover, a clear statutory mandate trumps the plaintiff's effort effectively to disregard provisions of the Workers' Compensation Act and to focus solely on the uninsured motorist statute, a part of the insurance laws.  Code § 38.2-900, contained within the insurance title of the Code, provides:

> "All acts and parts of acts inconsistent with the provisions of this title are hereby repealed to the extent of the inconsistency.  However, the provisions of this title shall not amend or repeal any provisions of Title 65.2 relating to workers' compensation."

Therefore, the exclusive remedy provision of the Act is not affected by the amendments to the uninsured motorist statute. Acceptance, as here, of workers' compensation benefits on behalf of the deceased employee excludes all other rights and remedies of such employee, his personal representative, and next of kin at common law or otherwise on account of the death.

6

Accordingly, because the Act afforded the exclusive remedy against the decedent's statutory employer (Miller & Long) and a fellow servant (Gunn), the decedent's statutory beneficiaries under the wrongful death statutes are not legally entitled to recover damages against them. Thus, a condition precedent to the insurers' liability under the uninsured motorist statute was not met.

Consequently, the judgment of the trial court will be

<u>Affirmed</u>.

7