# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00203-CV

**Violanda Soledad, Appellant**

**v.**

**Texas Farm Bureau Mutual Insurance Company, Appellee**

---

**FROM THE COUNTY COURT AT LAW OF BURNET COUNTY**
**NO. C4358, HONORABLE LINDA M. BAYLESS, JUDGE PRESIDING**

---

## O P I N I O N

Violanda Soledad sued Texas Farm Bureau Mutual Insurance Company (Texas Farm Bureau) after it denied a claim she made under her uninsured/underinsured motorist insurance policy. Both parties moved for summary judgment, and the trial court signed an order denying Soledad's motion for summary judgment and granting summary judgment in favor of Texas Farm Bureau. In five issues, Soledad contends that the trial court erred in denying her motion and in granting Texas Farm Bureau's motion. Because we conclude that Soledad was not "legally entitled to recover from the owner or operator of an uninsured motor vehicle," as her policy required, we will affirm the trial court's order.

## BACKGROUND

The parties do not dispute the material facts of this case. On September 5, 2012, Soledad was riding as a passenger in a motor vehicle owned or leased by her employer, Schneider

National Carriers, when the vehicle was involved in a single-vehicle accident. Jeffrey Allan Noe, a fellow Schneider employee, was driving the vehicle. Both Soledad and Noe were acting in the course and scope of their employment with Schneider at the time of the accident. The accident, which was the result of Noe's negligence, caused Soledad bodily injuries.

Before the accident, Soledad had purchased a personal automobile policy from Texas Farm Bureau and paid the premiums with her own money. This policy provided uninsured/underinsured motorist (UM/UIM) coverage and was in effect at the time of the accident. At the time of the accident, Schneider had in place a policy of workers' compensation insurance and also had a policy of liability insurance covering its vehicles.

Soledad received workers' compensation benefits from Schneider's workers' compensation carrier as a result of the injuries she sustained during the accident. Soledad then filed a claim for UM/UIM benefits under her personal automobile policy, claiming that the damages she sustained during the accident exceeded the damages covered by Schneider's workers' compensation policy. Texas Farm Bureau denied her claim.

Soledad sued Texas Farm Bureau, seeking declaratory relief and damages exceeding $100,000. Both Soledad and Texas Farm Bureau moved for summary judgment. Texas Farm Bureau argued in its motion that, as a matter of law, Soledad was not entitled to UM/UIM benefits under her policy because: (1) Soledad was not "legally entitled to recover" damages from the owner or operator of the vehicle involved in the accident because such recovery is barred by the exclusive-remedy provision of the Texas Workers' Compensation Act (TWCA), *see* Tex. Lab. Code § 408.001(a), and (2) neither Noe nor Schneider was uninsured or underinsured as defined by the

2

policy.  The trial court denied Soledad's motion and granted summary judgment in favor of Texas Farm Bureau without giving a reason for its decision.  This appeal followed.

## STANDARD OF REVIEW

Summary judgment is proper if the movant establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  We review a trial court's ruling on motions for summary judgment de novo.  *Southwestern Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  When the parties file competing motions for summary judgment on overlapping issues and the trial court grants one party's motion and denies the other, we consider all of the summary-judgment evidence and issues presented, and, if the trial court erred, we render the judgment the trial court should have rendered.  *Dorsett*, 164 S.W.3d at 661.

We also review de novo the trial court's interpretation of a statute or an unambiguous contract.  *See Kachina Pipeline Co., Inc. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015) (construction of unambiguous contract is reviewed de novo); *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008) (construction of statute is reviewed de novo).  When, as here, the trial court does not specify the ground or grounds for summary judgment, we must affirm the summary judgment if any of the grounds presented to the trial court and preserved for appeal are meritorious.  *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**DISCUSSION**

In her first issue, Soledad contends that her recovery of workers' compensation benefits does not preclude recovery under her UM/UIM policy.

Soledad's policy with Texas Farm Bureau includes the following provision:

> [Texas Farm Bureau] will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

For purposes of this discussion, we will assume, without deciding, that the vehicle in which Soledad was riding during the accident was "an uninsured motor vehicle" and will focus our analysis on whether Soledad was "legally entitled to recover" damages from the "owner" of the vehicle (Schneider) or the "operator" of the vehicle (Noe).

Texas Farm Bureau does not dispute the fact that Noe's negligence caused Soledad's injuries or that Schneider owned or leased the vehicle at the time of the accident. Instead, Texas Farm Bureau argues that Soledad is not "legally entitled to recover" damages from either Schneider or Noe because such recovery is barred by the TWCA, which provides, "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." Tex. Lab. Code § 408.001(a). Under this exclusive-remedy provision, an employer that subscribes to workers' compensation insurance receives immunity from the tort claims of its employees. *See Kershner v. Samsung Austin Semiconductor, LLC*, No. 03-15-00529-CV, 2016 WL 3974783, at *1 (Tex.

4

App.—Austin July 22, 2016, no pet.) (mem. op.).  Texas Farm Bureau further argues that, because the TWCA's exclusive-remedy provision bars Soledad from recovering damages from Schneider (her employer) or Noe (an employee of her employer), she is not "legally entitled to recover" from either Schneider or Noe.  Therefore, argues Texas Farm Bureau, Soledad does not satisfy the policy's requirements and may not recover UM/UIM benefits.

We are aware of only one other Texas appellate court that has considered this specific issue.  In *Valentine v. Safeco Lloyds Insurance Co.*, the First Court of Appeals had to decide "whether an employee's UIM coverage is available to an employee injured through the negligence of her employer while occupying the employer's vehicle in the course and scope of her employment, after the employee collects worker's compensation benefits."  928 S.W.2d 639, 642 (Tex. App.—Houston [1st Dist.] 1996, writ denied).  The court held that "Valentine is not 'legally entitled to recover' from [her employer]; she is limited to collecting worker's compensation benefits.  Therefore, coverage under Safeco's policy is not available." *Id.* at 644.  Our research indicates that the majority of courts in other jurisdictions have also held that an employee who receives workers' compensation benefits is not "legally entitled to recover" from her employer or co-employee and is therefore not entitled to UM/UIM benefits.[1]

---

[1] *See Valentine v. Safeco Lloyds Ins. Co.*, 928 S.W.2d 639, 642 n.4 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (collecting cases); *see also Ex parte Carlton*, 867 So. 2d 332, 338 (Ala. 2003) ("The workers' compensation benefits Carlton received are his only remedy against his employer.  Therefore, Carlton is not 'legally entitled to recover damages from the owner or operator of an uninsured vehicle' as the plain language of . . . his mother's State Farm policy require[s].") (citation omitted); *Continental Divide Ins. Co. v. Dickinson*, 179 P.3d 202, 204 (Colo. App. 2007) ("The majority of jurisdictions that have addressed this issue hold that an insured is not 'legally entitled to recover' under the uninsured motorist provisions of an insurance policy if the exclusivity provisions of the workers' compensation statute would bar an action against the tortfeasor . . . .  We consider the majority view well reasoned, perceive it as consistent with Colorado statutes, and reject

Dickinson's invitation to adopt a different approach.") (internal quotation marks omitted); *Allstate Ins. Co. v. Boynton*, 486 So. 2d 552, 555 (Fla. 1986) ("[T]he policy endorsement [requires] the policyholder be 'legally entitled to recover' from the owner or operator of the uninsured vehicle. The plain meaning of the requirement would appear to be that the insured must have a claim against the tortfeasor which could be reduced to judgment in a court of law."); *Williams v. Thomas*, 370 S.E.2d 773, 775 (Ga. App. 1988) ("Accordingly, as appellant is barred by the exclusive rights and remedies provision of OCGA § 34-9-11 from obtaining judgment either against his employer or the co-employee who injured him, he cannot satisfy the condition precedent to an action against his insurer for recovery under the uninsured motorist provisions of his policy."); *State Farm Mut. Auto. Ins. Co. v. Royston*, 817 P.2d 118, 119 (Haw. 1991) ("As a condition precedent to recovery of uninsured motorist benefits under HRS § 431-448(a), a person must show that he or she is 'legally entitled to recover damages' from the uninsured tortfeasor. However, when the uninsured tortfeasor is the employer of such person, the requirement of HRS § 431-448(a) cannot be met since the 'exclusive remedy' provision of the workers' compensation statute would preclude a tort claim against the employer."); *Atlantic Mut. Ins. Co. v. Payton*, 682 N.E.2d 1144, 1148 (Ill. App. 1997) ("Atlantic Mutual, the employer's insurance carrier, stands in the shoes of both the driver and the owner of the uninsured motor vehicle. The accident took place during the course of employment. Payton has received workers' compensation benefits, and therefore he is barred from bringing a civil action for the same injuries against his co-employee, employer, and the insurer."); *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 31 (Iowa 2005) ("We conclude Otterberg is not 'legally entitled to recover' damages from the owner or operator of the ambulance in which he was injured (i.e., his employer or co-employee) within the meaning of his uninsured motorist insurance policy . . . . This is because the exclusivity provision of the workers' compensation statute provides a substantive bar to any legal claim against his employer and co-employee for injuries covered by workers' compensation."); *State Farm Mut. Auto. Ins. Co. v. Slusher*, 325 S.W.3d 318, 321–22 (Ky. 2010) ("State Farm argues that the plain language of the policy, the exclusive remedy provisions of the Workers' Compensation Act, and applicable case authorities compel the conclusion that it has no liability under either the UM and UIM provision. [W]e agree."); *Hebert v. Clarendon Am. Ins. Co.*, 984 So. 2d 952, 956 (La. App. 2008) ("Thus, it is well settled in our jurisprudence that where there is no underlying uninsured or underinsured person from whom the plaintiff is legally entitled to recover, due to the immunity provision of [Louisiana's workers' compensation law], the plaintiff's UM insurer is not legally liable to him."); *Hopkins v. Auto-Owners Ins. Co.*, 200 N.W.2d 784, 786 (Mich. App. 1972) (per curiam) ("Because of the exclusiveness of the workmen's compensation coverage, plaintiff never had a remedy against the tortfeasor. He was never entitled to damages from the negligent motorist."); *Medders v. United States Fid. & Guar. Co.*, 623 So. 2d 979, 989 (Miss. 1993) ("We hold that the clear meaning of the phrase *legally entitled to recover* found in the Mississippi UM statute limits the scope of the coverage mandated by the statute to those instances in which the insured would be entitled at the time of injury to recover through legal action. There is no statutory mandate to provide coverage in instances where the alleged tortfeasor is immune from liability.") (citations omitted); *Kesterson v. Wallut*, 157 S.W.3d 675, 686 (Mo. App. 2004) ("Ms. Kesterson is barred from suing Mr. Wallut due to his immunity under workers' compensation law, which is a

substantive limitation on her right to sue him. So . . . she was not 'legally entitled to collect' from Mr. Wallut under the State Farm uninsured motorist policies."); *Okuly v. USF & G Ins. Co.*, 78 P.3d 877, 880 (Mont. 2003) ("Here, Okuly is barred from bringing suit and ultimately recovering from Adams or Gasomat, since Adams was Mary Lyn's co-employee and Gasomat was her employer. As such, under [Montana's workers' compensation law's exclusive-remedy provision] . . . Okuly's exclusive remedy is that which he already received—the workers' compensation benefits. [O]kuly is not 'legally entitled to recover damages' from USF & G."); *Matarese v. New Hampshire Mun. Ass'n Prop. Liab. Ins. Trust, Inc.*, 791 A.2d 175, 182 (N.H. 2002) ("As we have noted, New Hampshire's uninsured motorist statute is designed to compensate people injured in automobile accidents whose losses would otherwise be uncompensated because the tortfeasor lacked liability coverage or because the tortfeasor's identity was unknown. The underlying purpose of the statute is to provide coverage only where there is a lack of liability insurance on the part of the tortfeasor and the tortfeasor would be legally liable to the injured driver in a tort action; it does not provide coverage in all situations that might go uncompensated. The insurance policy and the statute do not apply where the substantive laws of New Hampshire, such as the fireman's rule and the workers' compensation bar, render the tortfeasor immune from liability.") (citation omitted); *Kough v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 568 A.2d 127, 132 (N.J. Super. Ct. App. Div. 1990) ("Under normal rules of liability plaintiff cannot recover here. Because Fefferman was a coemployee, plaintiff could not 'prove an automobile liability case against the uninsured,' a prerequisite for recovery. In other words, because of the workers' compensation bar, plaintiff is not 'legally entitled to recover damages' from her coemployee.") (citation omitted); *Stuhlmiller v. Nodak Mut. Ins. Co.*, 475 N.W.2d 136, 139 (N.D. 1991) ("Because Mark is statutorily immune under the exclusive remedy provisions of the Workers Compensation Act, we conclude that Arthur is not 'legally entitled to recover' damages from Mark, Mark is not 'legally liable to pay' damages, and accordingly Arthur is not entitled to recover under either policy."); *Snyder v. American Family Ins. Co.*, 871 N.E.2d 574, 583 (Ohio 2007) ("[W]e hold that [Ohio's UM/UIM statute] does not prohibit an uninsured- or underinsured-motorist policy from limiting uninsured-motorist benefits to amounts that the insured is 'legally entitled to recover' from the tortfeasor and that such a provision is valid even when it precludes uninsured-motorist benefits for injuries caused by tortfeasors immune under [Ohio's workers' compensation law's exclusive-remedy provision]."); *Cope v. West Am. Ins. Co. of Ohio Cas. Grp.*, 785 P.2d 1050, 1053 (Or. 1990) ("If plaintiff's injury arose out of and in the course of employment, she would be entitled to workers' compensation benefits. Because of the exclusivity of this remedy, she would, therefore, not be 'legally entitled' to recover from her co-worker in such circumstance. Accordingly, if plaintiff's injury is compensable under the workers' compensation provisions, she may not recover against defendants."); *Erie Ins. Exch. v. Conley*, 29 A.3d 389, 392–93 (Pa. Super. Ct. 2011) ("[T]he Workers' Compensation Act precludes Appellant from recovering damages from Mr. Olander. Thus, pursuant to the plain language of the policy, Appellant [sic] is not required to provide to Appellant UM or UIM coverage.") (citation omitted); *Lieber v. ITT Hartford Ins. Ctr., Inc.*, 15 P.3d 1030, 1035 (Utah 2000) ("From the foregoing analysis of the exclusive remedy provision of the WCA, it is clear that uninsured coverage is not available when the uninsured driver is the employer, or an officer, agent, or employee of the employer because the

Consistent with these authorities, we agree with Texas Farm Bureau that Soledad may not recover UM/UIM benefits after receiving workers' compensation benefits. The TWCA's exclusive-remedy provision bars Soledad from recovering any damages from Schneider or Noe for the injuries Soledad received because of Noe's negligence. *See* Tex. Lab. Code § 408.001(a). Therefore, Soledad is not "legally entitled to recover" damages from the owner or operator of the vehicle that caused her injuries, and she has therefore failed to satisfy her policy's unambiguous requirements to obtain UM/UIM benefits.

---

WCA precludes the employee from having a viable tort claim outside its parameters."); *Welch v. Miller & Long Co. of Md., Inc.*, 521 S.E.2d 767, 770 (Va. 1999) ("Accordingly, because the Act afforded the exclusive remedy against the decedent's statutory employer . . . and a fellow servant . . . the decedent's statutory beneficiaries under the wrongful death statutes are not legally entitled to recover damages against them. Thus, a condition precedent to the insurers' liability under the uninsured motorist statute was not met."); *Romanick v. Aetna Cas. & Sur. Co.*, 795 P.2d 728, 730 (Wash. App. 1990) ("Romanick cannot recover UIM benefits. Romanick cannot show that he is legally entitled to recover damages from Shaffer because Shaffer is a fellow employee under the workers' compensation act, and [Washington's workers' compensation law's exclusive-remedy provision] abolishes claims against fellow servants for injuries incurred during the course of hazardous employment."); 7A Am. Jur. 2d *Automobile Insurance* § 482 n.1 (2016); John P. Ludington, "Automobile uninsured motorist coverage: 'legally entitled to recover' clause as barring claim compensable under workers' compensation statute," 82 A.L.R.4th 1096, § 6[a] (Originally published in 1990); Steven Plitt, et al., "Particular circumstances as affecting legal right to recover—Tortfeasor's immunity from suit," 9 Couch on Ins. § 123:19 n.7 (3d ed.); *but see Southern Farm Bureau Cas. Ins. Co. v. Pettie*, 924 S.W.2d 828, 832 (Ark. App. 1996) ("Therefore, in regard to appellee's UIM insurance coverage, we do not believe that the exclusive remedy provisions of the workers' compensation law bars the appellee from being 'legally entitled to recover' against the owner or operator of the vehicle in which the appellee was riding at the time he received the injuries for which he was granted judgment in this case."); *Torres v. Kansas City Fire & Marine Ins. Co.*, 849 P.2d 407, 413 (Okla. 1993) ("No affirmative acts or prejudicial conduct on the part of the insured tending to destroy appellant's subrogation rights is involved here. The immunity of the workers' compensation laws which would bar any subrogation rights is not the result of any conduct on the part of the insured and affords no basis to deny recovery . . . ."); *Jenkins v. City of Elkins*, 738 S.E.2d 1, 14 (W. Va. 2012) ("[We] hold that the phrase 'legally entitled to recover'. . . is construed to mean that an insured is entitled to uninsured coverage merely by establishing fault on the part of the tortfeasor and the amount of the insured's damages. Under this definition, the fact that a tortfeasor is immune from liability will not preclude recovery of uninsured motorist benefits.").

Soledad points out that her policy also includes the following provision: "In order to avoid insurance benefits payments in excess of actual damages sustained . . . we will pay all covered damages not paid or payable under any workers' compensation law . . . ." She argues "that this policy language clearly indicates that an insured person should be able to collect UM/UIM benefits after first receiving workers' compensation benefits." However, the purpose of this provision is merely to prevent a covered person from recovering twice for the same injuries—once from her employer's workers' compensation insurance carrier and once from her UM/UIM insurance carrier. Moreover, as Texas Farm Bureau concedes, in some instances a covered person *could* recover workers' compensation benefits and then recover UM/UIM benefits. If Soledad's injuries had been caused by the negligence of an uninsured motorist other than her employer or co-employee, she might have recovered workers' compensation benefits, and, if those benefits did not cover all of her injuries, she might have recovered UM/UIM benefits, because she would be "legally entitled to recover" damages from the negligent party. However, when, as here, the negligent party was the covered person's employer or co-employee, the TWCA's exclusive-remedy provision applies, and the covered person is not entitled to UM/UIM benefits.[2]

---

[2] Soledad relies on *Resolution Oversight Corp. v. Garza*, No. 03-08-00481-CV, 2009 WL 1981424 (Tex. App.—Austin July 10, 2009, no pet.) (mem. op.), for the proposition that an employee who recovers workers' compensation benefits may also be entitled to UM/UIM benefits. In *Garza*, the workers' compensation insurance carrier of the plaintiff's employer sought to enforce subrogation rights against funds paid to the plaintiff by a UM/UIM insurance carrier. *Id.* at *1. This Court held that the workers' compensation insurance carrier was entitled to subrogation. *Id.* at *5. However, in *Garza*, the plaintiff was injured by an uninsured motorist who was not his employer or co-employee. *Id.* at *1. As we explained above, the recovery of workers' compensation benefits does not always prevent an injured worker from recovering UM/UIM benefits—it only does so when, as here, the uninsured motorist is the plaintiff's employer or co-employee. Because Soledad was injured by her co-employee's negligence, unlike the plaintiff in *Garza*, the TWCA's exclusive-

9

Having concluded that Soledad did not satisfy the policy's requirements to recover UM/UIM benefits, we hold that the trial court did not err in granting summary judgment in favor of Texas Farm Bureau.[3] Accordingly, we overrule Soledad's first issue. Because we may affirm the trial court's summary judgment on this ground alone, we need not address Soledad's remaining issues. *See Knott*, 128 S.W.3d at 216 ("[W]e must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious.").

## CONCLUSION

We affirm the trial court's summary judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   November 2, 2016

---

remedy provision applies, and Soledad is not "legally entitled to recover" damages from the owner or operator of the uninsured motor vehicle as her UM/UIM policy requires.

[3] Our holding is limited to situations in which the insured is not legally entitled to recover damages from the tortfeasor because of the workers' compensation exclusive-remedy provision. We express no opinion regarding situations in which an insured may be unable to recover damages from the tortfeasor for other reasons, such as a statute of limitations.