# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00252-CV

**Michael Hervey, Appellant**

**v.**

**Enerpipe, Ltd., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-14-004603, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N[1]

Michael Hervey appeals from the trial court's final summary judgment dismissing with prejudice his claims against Enerpipe, Ltd., arising from an automobile collision between Hervey and an Enerpipe employee. In six appellate issues, Hervey contends that the trial court erred in granting Enerpipe's no-evidence and traditional motions for summary judgment. We will affirm the trial court's final summary judgment.

### BACKGROUND

The following facts are not disputed on appeal. Robert Palmateer, an Enerpipe employee, was involved in a vehicle collision with Hervey. Hervey sued Palmateer for negligence,

---

[1] Notice of appeal for this case was originally filed in this Court in September 2016, at which time the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court. On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

later added Enerpipe to the suit, and then filed a notice of non-suit with respect to Palmateer. In his live pleading, Hervey contended that Enerpipe was vicariously liable for Palmateer's negligence.

Enerpipe filed both a traditional and a no-evidence motion for summary judgment and attached a transcript of Palmateer's deposition and an affidavit of Michael Hobbs, Palmateer's friend and coworker who was riding with Palmateer at the time of the collision. The trial court granted both motions for summary judgment and rendered a final judgment dismissing Hervey's claims with prejudice, and this appeal followed.

## DISCUSSION

Because they are dispositive, we will address Hervey's second through sixth issues, which concern Enerpipe's no-evidence motion for summary judgment. A party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). "The motion must state the elements as to which there is no evidence," and the trial court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* "[I]t is proper for the trial court to grant a defendant's no-evidence motion for summary judgment if the plaintiff has produced no more than a scintilla of evidence on an essential element of the cause of action, that is, if the plaintiff's evidence does not rise 'to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Dallas Morning News, Inc. v. Tatum*, No. 16-0098, 2018 WL 2182625, at *4 (Tex. May 11, 2018) (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)). We review the trial court's summary judgment de novo. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017); *Soledad*

2

*v. Texas Farm Bureau Mut. Ins. Co.*, 506 S.W.3d 600, 602 (Tex. App.—Austin 2016, pet. denied). In our review, "we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Rincones*, 520 S.W.3d at 579.

Hervey contends that Enerpipe is liable for Palmateer's alleged negligence through the doctrine of respondeat superior. "Under our law, the doctrine of respondeat superior makes a principal liable for the conduct of its employee or agent." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 846 (Tex. 2018). To prevail on his claim against Enerpipe through respondeat superior, Hervey must establish that, at the time of Palmateer's negligent conduct, Palmateer was Enerpipe's employee and was acting in the course and scope of his employment. *See Painter v. Amerimex Drilling I, Ltd.*, No. 16-0120, 2018 WL 2749862, at *3 (Tex. Apr. 13, 2018).

Enerpipe has not contested the fact that Palmateer was its employee. Therefore, we focus our analysis on whether Palmateer was acting in the course and scope of his employment with Enerpipe. "[V]icarious liability arises only if the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Id.* at *4 (cleaned up). "[I]f an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Id.* (cleaned up).

In its no-evidence summary-judgment motion, Enerpipe asserted that Hervey "has no evidence to establish one or more of the following elements in his case: 1) that Enerpipe provided the truck that Mr. Palmateer was driving at the time of the accident; 2) that Enerpipe controlled Palmateer's means of transportation and the route that he was required to take; 3) that Palmateer was engaged in the furtherance of Enerpipe's business at the time of the occurrence; 4) that

3

Palmateer was engaged in a 'special mission' for Enerpipe at the time of the accident; or 5) that Palmateer, who was off duty, was acting within the course and scope of employment with Enerpipe at the time of the accident."

Here, the undisputed summary-judgment evidence, most of which is taken from Palmateer's deposition, includes the following facts:

- Palmateer was working for Enerpipe as a supervisor and was paid hourly.

- On the day of the collision, Palmateer was driving his personal vehicle.

- Enerpipe paid for the fuel for Palmateer's vehicle through a company credit card.

- Palmateer, Hobbs, and other Enerpipe employees had already finished their work for the day about 20 minutes before the collision occurred. At the time of the collision, they were not "on the clock."

- When asked at his deposition when he decided that he was off work that day, Palmateer explained, "Whenever I told everybody that we were done for the day. We couldn't do anything else. We were waiting on equipment to show up. We had trucks in or out with equipment and stuff, and we didn't have everything we needed to—to do any work other than unloading material, and we got everything done that we could do that day, and so then we decided to go home, then we stood around and visited a little bit and then we headed that way."

- Hobbs rode with Palmateer because they "were longtime friends" and "wanted to catch up."

- On the way home, Palmateer decided to show Hobbs "one of the spots that [they] would be working at." As Palmateer stated in his deposition, "I decided we were going right by there, I'd show him where it was. Like I say, we were off of work. We were just visiting and riding around, you know, basically."

- Palmateer started to turn into a driveway to show Hobbs the future work site. Palmateer intended to "show [Hobbs] where it was and then come back

4

out . . . and leave." Palmateer did not intend to "get out and look at anything" or to talk to anyone while at the future site.

• While turning, Palmateer struck Hervey's vehicle.

• There were other Enerpipe employees driving behind Palmateer at the time of the collision heading home. However, Palmateer had not directed anyone to follow him, and the drivers behind him were not intending to turn into the driveway with Palmateer.

• In his affidavit, Hobbs stated, "We were not working at the time and were not 'on the clock' at the time. [Palmateer] was just being friendly and, since we knew each other well, he was just simply showing me where one of the jobsites was located. There were no Enerpipe vehicles in front of us. There were a couple of pickup trucks behind us that were driven by Enerpipe employees who had left the yard at the same time we did, and they were heading back to their hotels."

Based on the record before us, even taking as true all evidence favorable to Hervey and indulging every reasonable inference and resolving any doubts in Hervey's favor, we conclude that there is no evidence that Palmateer was acting in the course and scope of his employment at the time of the collision. The undisputed evidence shows that Palmateer and his coworkers had completed their work for the day and that they could do no further work that day. The evidence further shows that Hobbs was riding with Palmateer because they were personal friends and that Palmateer decided to show Hobbs a future work site on his own initiative because they happened to be passing by the location. The evidence shows that Enerpipe did not instruct Palmateer to take Hobbs to the future site and that Palmateer did not intend to get out of his vehicle, look around, or talk to anyone at the future site.

Contrary to Hervey's assertions in his appellate brief, the evidence does not show that Palmateer was furthering Enerpipe's interests in showing Hobbs the site. Palmateer was off

5

work at the time and was serving his own purposes by turning into the driveway of the future site. The mere fact that Palmateer was commuting between work and home does not give rise to vicarious liability on Enerpipe's part. *See Painter*, 2018 WL 2749862, at *10 ("We confirm that the coming-and-going rule, under which an employee is generally not acting within the scope of his employment when traveling to and from work, applies in the vicarious-liability context."); *OCI Beaumont LLC v. Barajas*, 520 S.W.3d 83, 91 (Tex. App.—Beaumont 2017, no pet.) ("Applying Texas law, Texas courts have consistently held that the employer is not vicariously liable for the torts committed by employees when their connection to their job shows they were merely commuting to work."); *Mancil v. Stroud*, No. 11-13-00354-CV, 2016 WL 932949, at *3 (Tex. App.—Eastland Mar. 10, 2016, no pet.) (mem. op.) ("Employers generally are not liable for accidents involving their employees while the employees are traveling to and from work."); *see also Evans v. Illinois Emp'rs Ins. of Wausau*, 790 S.W.2d 302, 305 (Tex. 1990) ("The risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers.").

In addition, we are not persuaded that the mere fact that Enerpipe paid for Palmateer's fuel established that Palmateer was acting in the course and scope of his employment. *See Moore v. Strike, LLC*, No. 04-16-00324-CV, 2017 WL 96130, at *9 n.4 (Tex. App.—San Antonio Jan. 11, 2017, no pet.) (mem. op.) (noting that "courts have recognized that evidence that an employer reimburses an employee for use of his personal vehicle does not equate to evidence of course and scope" in every circumstance); *Mancil*, 2016 WL 932949, at *4 ("Appellants also claim that, because Studdard was compensated for his fuel costs, he was in the course and scope of his employment at the time

of the collision. However, courts have held otherwise."); *ACME Energy Servs., Inc. v. Aranda*, No. 08-02-00205-CV, 2004 WL 868486, at \*3 (Tex. App.—El Paso Apr. 22, 2004, pet. denied) (mem. op.) ("[T]emporary mileage compensation does not place the employee in the course and scope of employment while traveling to and from work in the employee's automobile."); *accord Wilson v. H.E. Butt Grocery Co.*, 758 S.W.2d 904, 907 (Tex. App.—Corpus Christi 1988, no writ); *see also Pilgrim v. Fortune Drilling Co., Inc.*, 653 F.2d 982, 988 (5th Cir. 1981) (rejecting plaintiffs' argument that Fortune was liable under the doctrine of respondeat superior because "Fortune paid a travel allowance to one member of the drilling crew each day"); *cf. Painter*, 2018 WL 2749862, at \*7 (holding that defendant was not entitled to summary judgment as to respondeat superior claim when plaintiff "presented evidence that one of his specific duties as a driller—and one for which he was paid additional money over his regular salary—was to provide the crew transportation to and from the drilling site"); *Arbelaez v. Just Brakes Corp.*, 149 S.W.3d 717, 723 (Tex. App.—Austin 2004, no pet.) ("Just Brakes cites two cases for the proposition that an employer's reimbursement of gas money to an employee does not create a fact issue on course and scope of employment. These cases, too, are easily distinguishable in that they involve employees commuting to or from work, where the reimbursement of gas money was the *only* factor supporting a contention that the employee was within the course and scope of employment."). Otherwise, an employee whose fuel was paid for by his employer would *always* be acting within the course and scope of his employment during every commute, even if his actions during the commute were completely outside the scope of his authority and the requirements of his employment.

The ultimate question in determining whether Palmateer was acting in the course and scope of his authority is whether Palmateer was "was acting within the scope of his general

7

authority in furtherance of [Enerpipe's] business and for the accomplishment of the object for which [Palmateer] was hired." *See Painter*, 2018 WL 2749862, at *7. Nothing in the record before us indicates that Enerpipe hired Palmateer to transport people between work and home or that Palmateer was fulfilling any function for Enerpipe or acting within the scope of his authority when he decided on his own to show an old friend a future work site after concluding their day's work.[2] Therefore, we conclude that Hervey failed to present any evidence that Palmateer was acting in the course and scope of his employment at the time of the collision—an essential element of his claim against Enerpipe. Accordingly, we hold that the trial court did not err in granting Enerpipe's no-evidence motion for summary judgment, and we overrule Hervey's second through sixth issues. Moreover, because this holding requires us to affirm the trial court's judgment, we need not address Hervey's first issue, which concerns Enerpipe's traditional motion for summary judgment.

**CONCLUSION**

We affirm the trial court's final summary judgment.

---

[2] Hervey argues that Palmateer was engaged in a "special mission" at the time of the collision. Texas courts have recognized an exception to the general rule that an employer is not liable for the acts of its employees while traveling to and from work "when an employee has undertaken a special mission at the direction of his employer or is otherwise performing a service in furtherance of [his] employer's business with the express or implied approval of [his] employer." *Painter v. Amerimex Drilling I, Ltd.*, No. 16-0120, 2018 WL 2749862, at *7 (Tex. Apr. 13, 2018) (cleaned up). As discussed above, Hervey presented no evidence that Enerpipe directed Palmateer to show Hobbs the future work site or that Hervey's decision to briefly show Hobbs the site furthered Enerpipe's business with Enerpipe's express or implied approval. Accordingly, we reject Hervey's argument that the trial court erred in denying Enerpipe's no-evidence summary-judgment motion on the basis of the "special mission" doctrine.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 1, 2018

9